Judge Stites
delivered the opinion of the Court.
Stevens, the clerk of the county court of Montgomery, was a candidate for re-election to that office at the August election, 1854. He was defeated by Garrett, an opposing candidate, by a majority of 48 *547 votes, and the latter received a certificate of election.
1. Where the board, whose duty it is, decides that one chosen clerk of a county court, by a majority of votes, is inelligible, and cannot take, the office, and that it is vacant, it is the duty of the county judge to appoint a clerk to serve until the succeeding Augustelection. The former clerk has no right to hold the office.
*547 Having ascertained that Garrett was constitutionally ineligible to the office for the want of a certificate of qualification, and proper residence in the county ; and being informed that he would be admitted to discharge the duties of the office by the county judge, notwithstanding his disqualification, Stevens procured an injunction against his admission to the office, until he could, under the provisions of the statute, contest the election.
Notice was served upon Garrett, and the facts being argued before the county board, it was adjudged by the board that Garrett was ineligible: 1st. Because he had no certificate of qualification ; and, 2d, Because he had not been a resident of Montgomery county for one year next preceding the election; and, also, that there had been no election, and that the office was vacant.
This decision was returned to the county court, and thereupon an order was made by the county judge appointing Andrew J. Wyatt clerk of said court “to fill the vacancy occasioned by the failure to elect.”
Stevens then amended his petition by setting forth the foregoing facts, and obtained a rule against the county board, county judge and Wyatt, to show cause against a mandamus compelling the board to award that he was the clerk, the judge to restore him to his office, and Wyatt from further intermedling with the office.
The defendants responded, and relied upon the legality and validity of their acts in the premises in discharge of the rule. Upon final hearing the mandamus was refused, and rule discharged, and from that judgment Stevens has appealed.
As the facts respecting Garrett’s ineligibility were agreed, no doubt is entertained of the propriety of the action of the board in refusing him a certificate of election. Nor have we any, that Stevens was not entitled, in virtue of the election in 1854, to hold the *548 office. The 1st section of the 6th article of the constitution, determines the right of Garrett, and the Revised Statutes, art. 7, sec. 8, p. 295, is conclusive of Stevens’ right to the office under the last election.
The appellant, however, contends that the action of the county board, in declaring the office vacant, because ho election was held; and that of the county judge in appointing Wyatt and removing him, was void and wrongful; because, as he insists, by the constitution, there was no vacancy in the office, and he had the right to hold and enjoy the same, in virtue of his election in May, 1851, until the next regular election succeeding the d'eterrhination of the county board, when a sUccéssor could be elected, and until such successor “was duly qualified.” In support of this position, we are referred to the 1st section, 6th article, and 30th section, 4th article, of the constitution.
By the former it is provided that “the term of office" Of the county clerk “shall be the same as that of the presiding judge of the county court.” By the latter it is declared that “judges of the county court shall be elected by the qualified voters in each county, for the term of four years, and shall continue in office until their successors be duly qualified.”
It is contended that the continuation herein provided, is a part of the term of office of the county judge, ’and as, by the other section referred to, the term Of the county clerk Is the same as that of the county judge, that he has the right, as a part of his official term/to hold the Office until his successor is qualified. And moreover, that an election is an indispensable pre-requisite to the qualification of such successor; and being so, that Stevens, being the incumbent, consequently has the right to hold bn until after the election and qualification of his successor at the next regular election.
If this be so, the 11 th section of article 7th, chapter 32, Revised Statutes, 295, which provides “where a hew election is ordered, or the incumbent adjudged *549 not to be entitled, his powers shall immediately cease ; and if tbe office is not adjudged to another, it shall he deemed vacantunder which the county board declared the office in question vacant, must be regarded as in. contravention of the constitution, and of no effect; and the action of the board, and county judge, complained of, wrongful and in violation of the constitutional rights of the appellant.
We do not assent to the correctness of the proposition.
The term of office for the county judge, as well as of all others created by the constitution, is definite. The continuation in office after the expiration of the term, though a right-pertaining to the incumbent, and of which he cannot, except in the mode prescribed by law, be deprived, is not, properly speaking, apart of the term. Such continuation was manifestly designed to obviate any inconveniences that might attend vacancies occurring between the expiration of the term of the incumbent and the qualification of his successor.
The term of the presiding judge of the county court is four years, and, by the constitution, he is to continue in office until his successor shall be qualified. The term of office of the county court clerk is the same, but there is no constitutional provision continuing him in office until his successor is quali ■ fied. So that appellant’s right to hold the office, if he has any, is not conferred by the constitution.
That it was not intended by the framers of the constitution to provide, in that, and the other offices named in the 1st section of the 6th article, for a continuation in office of the incumbent, after the expiration of the term and until the qualification of the successor, as was done in the office of county judge, is, we think, not only manifest from the absence of such continuation in express terms, but likewise from the provision contained in the 7th section of the same article, which expressly confers upon the general assembly the power to provide for vacancies occurring *550 in offices created by the 6th article. (7 th sec. 6th article, Constitution.)
This section seems expressly intended for the purpose of enabling the legislature to make such enactments as would meet and provide for any contingency or difficulty that might arise or exist in regard to vacancies, or other emergencies incident to the offices referred to.
To have made such provisions in detail in the constitution, with respect to the many subordinate offices in the state, would have been altogether impracticable, and hence the necessity of conferring the power upon the general assembly. No better illustration of the necessity of such power, and the propriety of the legislative enactments thereunder, could be furnished, than is afforded by the present care.
Having disposed of the assei’tion of appellant’s right under the constitution to hold over, it only remains to enquire whether the statutes, under which the proceedings under revision were had, have been complied with.
The 8fh sec., art. 7, c-lmp. 2r Revised Statutes, provides, among other things, “that where the person returned is found not to have been legally qualified to receive the office at the time of his election, a new election shall be ordei'ed.” The 11th section, same chapter and article, provides : “when a new election is ordered, or the incumbent adjudged not to be entitled, his powers shall immediately cease ; and if the office is not adjudged to another, it shall be deemed vacant.”
Here, under the submission of facts before the county board, appointed in the chapter last referred to to determine contested elections, it was properly determined that Garrett was ineligible to the office, for reasons already stated, the incumbent not adjudged to be entitled, and the office declared vacant. This determination of the county board was properly communicated to the county court, and entered of record; and it became the duty of the presiding *551 judge of that court to supply the vacancy by appointment.
This is imposed on him by the 5th sec., art. 6th, of chapter 32, Revised Statutes, which provides “that a vacancy in the office of county court clerk shall be filled by the county court until the succeeding August election, and a writ of election issued by the judge thereof to fill the vacancy.” The appointment of a clerk being, in our opinion, within the power of the county judge, and not one of those acts which require the concuirence of a majority of the justices of the county. This duty he seems to have discharged by the appointment of Wyatt; and to enable the appointee to exercise and discharge the duties of the office, it was indispensable that Stevens should deliver up to him the books and papers of the office.
As the foregoing view determines the points raised upon the merits of the controversy, it is not deemed necessary to discuss the manner of proceeding.
Judgment affirmed.