## Adams' Heirs v. McCoy, et al.

· (Decided February 2, 1926.)

## Appeal from Grant Circuit Court.

1. Eminent Domain—Highway Commission Not Bound by Arbitration Agreement to which it was Not a Party.—Though pending appeal from award for land condemned for state highway purposes, county attorney representing highway commission signed written proposal for arbitration, where arbitration agreement was signed only by county judge and landowner, highway commission is not bound thereby, in view of Ky. Stats., section 4356t-7.

2. ·Counties—County has no Right to Make Any Contract or do Anything Not Expressly Authorized by Statute.—County has no right to make any contract or do anything that is not expressly authorized by statute.

3. Courts—County Courts are Courts of Limited Jurisdiction, and Will Exercise Jurisdiction Only Under Express Statutory Authority.—County courts are courts of limited jurisdiction, and can. exercise jurisdiction only when there is found some express statutory authority therefor, in view of Ky. Stats., section 1057.

4. Courts—County Court is Court of Record, and Can Speak Only Through its Records.—County court is court of record, and can speak only through its records.

5. Eminent Domain—County Judge Without Authority to Arbitrate Question of Award for Land Taken.—County judge, at least in absence of express authority from fiscal court, could not bind county by agreement to arbitrate dispute as to amount to be awarded for land taken for road, especially when road was·state or federal project.

C. C. ADAMS and O. M. ROGERS for appellants. ·

J. J. BLACKBURN, L. M. ACKMAN and O. S. HOGAN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The heirs of Robert Adams owned a farm of about 180 acres located in Grant county over which the Dixie Highway had been surveyed. When the road authorities were unable to agree with the owners concerning the granting of the right-of-way ·they commenced a condemnation proceeding in the Grant county court to acquire the· right. The commissioners· appointed .to view the premises and report the damage to the lands awarded the Adams heirs $225.00 as the market value of the lands

taken, and $675.00 for damages resulting to adjacent lands of the farm, and $50.00 for additional fencing, a total of $950.00. The Adams heirs were dissatisfied with this award and filed exceptions to the report of the commissioners. A jury trial was had in the Grant county court, resulting in a verdict for $1,500.00 in favor of the Adams heirs, and an appeal from the judgment entered upon that verdict was about to be prosecuted to the Grant circuit court when a written proposition, signed by the county attorney, was made to submit the question to arbitration. After some negotiations articles of arbitration were agreed upon and signed by F. A. Harrison, judge of the Grant county fiscal court, and C. C. Adams, attorney for the Adams heirs, whereby it was agreed "between the fiscal court of Grant county, first party, and the heirs of Robert Adams, deceased, second party, that, whereas, first party has undertaken by condemnation proceedings to acquire certain property belonging to second parties for highway purposes, and, whereas, said condemnation proceedings are now pending on appeal in the Grant circuit court, and, whereas, it is desired by both parties hereto to terminate the ligitation pending and reach a basis of payment for the grant to be acquired by first party without having to resort to a judgment of the court, it is now agreed between the parties hereto to submit the matter of the value of the property taken and the damages accruing to second parties by reason of the taking of said property and the construction of said highway, to arbitration on the terms hereinafter set out;" etc. Then follows an agreement that each party shall select one arbitrator, and the two so selected shall, in case of a tie, select a third, and the three thus selected shall make a final award binding upon both parties. All the terms of the arbitration were fairly set out in the agreement, including the basis upon which the award was to proceed as to value and damages. The arbitrators met and took oath and after viewing the ground and considering the different questions, returned the following award:

"We, the undersigned arbitrators, find for the heirs of Robert Adams, deceased:

"First: The value of the land taken $500.00.

"Second: The value of the fencing, $299.65, and

"Third: Incidental or resulting damages, $2,400.35.

"Total, $3,200.00."

After the award was signed and filed in the office of the clerk of the Grant circuit court, this action was commenced by Stanley L. McCoy, a resident landowner, citizen and taxpayer of Grant county, against the Grant county fiscal court and the heirs of Robert Adams, praying that the Grant fiscal court be perpetually and forever enjoined from paying to the heirs of Robert Adams, or any of them, the sum of $3,200.00, or any sum, under and by reason of the award. All the facts concerning the necessity for a right-of-way, the condemnation proceedings, trial and judgment, arbitration and award, were fully set forth in the petition and amended petition. The defendants filed a general demurrer to the petition as amended and to each paragraph thereof, but the demurrer was overruled. They then filed answer in which they admitted the location of the right-of-way over and across their lands and that a suit had been filed in January, 1923, in the Grant county court to condemn the right-of-way; that it was prosecuted to judgment and that an appeal was taken therefrom to the Grant circuit court, and while there pending the arbitration agreement was entered into, the entire agreement being set out in the answer. The answer then denied the averments of the petition to the effect that no power was vested in F. A. Harrison, judge of the Grant county court, to make the arbitration agreement and bind the fiscal court and the county of Grant. They further denied that the Grant fiscal court is threatening to pay the heirs of Robert Adams the sum of $3,200.00 without any right or authority of law, but averred that the county judge had the power and right to enter into such a compromise agreement and that the arbitration agreement was binding and enforceable on all parties thereto. But there was no averment in the answer that Harrison, county judge, had been authorized by the Grant fiscal court to enter into such an arrangement. The answer was made a cross-petition against the Grant fiscal court, the State Highway Commission and Grant county, with prayer for a recovery of $3,200.00, the award. A general demurrer filed to the answer and cross-petition was sustained by the court with leave to amend; thereupon appellants amended their answer and cross-petition, setting out therein a written proposition made by the county attorney in the name of the Commonwealth of Kentucky on relation of the State Highway Commission to the Adams heirs to arbitrate the matter of the cost of the rights-of-way

through the Adams lands. It is also averred that Ackman was county attorney of Grant county and as such acted under section 4356t-7, Kentucky Statutes, in part reading:

"No portion of the cost of acquiring any necessary land, or right-of-way, except a temporary right-of-way, nor any part of any damages incurred, awarded or paid, shall be paid out of the state road fund, but all cost of acquiring any necessary land or right-of-way and any damages incurred, awarded or paid shall be paid by the county out of its general fund. The State Highway Commission is hereby authorized to institute any proceeding in the county court of the county where the land lies to have any right-of-way, temporary or permanent, condemned and the damages assessed. They may institute such suit or proceeding in the name of the Commonwealth, and the county attorney shall represent it. They shall have the power to agree with any landowner as to the value of the right-of-way, and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of the said agreement shall be spread upon the records of the county court."

Further pleading appellants averred in their amended answer "that they are informed and believe and upon such information and belief state that the said F. H. Harrison and the other said members of the Grant fiscal court hereinbefore mentioned, except Cuthbert McComas, in order to repudiate the said agreement to arbitrate the said controversy, and to screen themselves under the name of another, procured the institution of this action in the name of the plaintiff, Stanley L. McCoy, and that he did not instigate and initiate the preparation and direction of this action, and is not the real party plaintiff in interest therein, and has not concerned himself about it in any way since its pendency or progress," etc.

It was further alleged in the amended answer that the Grant fiscal court and its attorney, Ackman, throughout all the divers negotiations, conferences and interviews among themselves and with the Adams heirs and their counsel, considered and treated the arbitration agreement as fully binding upon all the parties, and in

reliance thereon and under the provisions thereof the Grant fiscal court gave to F. A. Harrison, its presiding officer, and the said Ackman, its county attorney, full authority and direction to select an arbitrator to represent the Grant fiscal court, and to act as a member of the board of arbitrators provided for in the arbitration agreement, and upon the selection of the "said J. T. Dailey, as such arbitrator, the said Grant fiscal court, by proper motion, duly seconded and passed by the affirmative vote of all members of the court, in full and regular session assembled, and with the advice and consent of Ackman, county attorney, approved and ratified the selection of Dailey as an arbitrator, but that through the fraud, deceit, inadvertence or carelessness of the said Grant fiscal court and its officials, the said oral order or resolution was omitted from the minutes and from the order books, and the books did not show the appointment, selection or confirmation of the arbitrator, but that the fiscal court did, in fact, authorize and direct Harrison as county judge to enter into the arbitration agreement and to select Dailey as one of the arbitrators." To the answer as amended appellee again filed a general demurrer, which the court, after consideration, sustained on the ground, as shown in the order, that the pleading does not "show or allege that there is any order of the Grant fiscal court of record showing authority for the said agreement of arbitration." Appellants stood upon their answer as amended and declined to further plead. The court thereupon dismissed their answer and cross-petition and entered judgment for the plaintiff, now appellee. From that judgment this appeal is prosecuted.

By referring to section 4356t-7, Kentucky Statutes, it will be observed that the county must pay for all rights-of-way, except such as are acquired for temporary purposes only. The proceedings, however, to acquire the rights-of-way must be by the highway commission, "which may institute any proceeding in the county court of the county where the land lies to have any rights-of-way, temporary or permanent, condemned and the damages assessed." The action may be in the name of the Commonwealth for the use and benefit of the road commission, and it is the duty of the county attorney to represent the road commission in such proceeding. The statutes first provide that the road commission shall have power to agree with any landowner as to the value of the

right-of-way, and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and the record of such agreement shall be spread upon the records of the county court. Appellants rely upon the foregoing section of the statutes for authority to sustain their contention that the county judge who signed the arbitration agreement had authority and power to enter into such agreement and to bind the county of Grant for the $3,200.00 awarded by the arbitrators to the Adams heirs for the lands taken for the right-of-way. The statutes confer upon the road commission the right to agree with the landowners concerning the purchase of rights-of-way, but it confers no such authority upon the fiscal court or the county judge. It is averred, however, that inasmuch as Ackman, county attorney of Grant county, was representing the said highway commission in the litigation and signed and prepared the written proposal for the arbitration but not the arbitration agreement, the road commission acted through him as its attorney, such attorney having full power and authority, it is contended, to enter into articles of arbitration on behalf of his client, and the cases of Smith v. Dixon, 3 Metcalfe 395; Talbott v. McGee, 4 T. B. Mon. 375, are relied upon as sustaining this power in an attorney. The right of an attorney to submit the controversy of his client for arbitration is very doubtful, but if that principle be admitted it does not seem to fit the facts here. While the county attorney, Ackman, signed the written proposal to the Adams heirs for an arbitration, he did not sign the articles of arbitration, for these articles were signed only by Harrison, the county judge, and by C. C. Adams, attorney for the Adams heirs, only. The agreement for arbitration, as appears from the articles, was between the fiscal court of Grant county and the heirs of Robert Adams, the county attorney not being a party thereto, neither was the road commission, which it is said the county attorney represented, a party to the articles. As neither the client nor its attorney signed the articles of arbitration it is manifest that the client, the road commission, is not bound thereby. A county has no right to make any contract or do anything that is not expressly authorized by statute. Bushart v. County of Fulton, 183 Ky. 471; Breathitt County v. Hammonds, 150 Ky. 502; McDonald v. Franklin County, 125 Ky. 205; Wharton v. Barber, 188 Ky. 57.

It is the duty of the county judge to preside over the county court, quarterly court and fiscal court, and by the Constitution, section 140, he is a conservator of the peace. The quarterly courts in civil cases have jurisdiction concurrent with justices and the city or police courts of all cases in its county for the recovery of money or personal property, where the value in controversy is $100.00 and under, exclusive of interest and cost, and concurrent jurisdiction with circuit courts in all such cases where the value in controversy is over fifty and not more than two hundred dollars, exclusive of interest and cost. Quarterly courts also have jurisdiction of motions against constables and sureties. By section 1057, Kentucky Statutes, it is provided that the county court shall have jurisdiction to probate wills, appoint and remove personal representatives, guardians, trustees, committees, curators and other fiduciaries, to grant tavern, drug and liquor licenses, and such other jurisdiction as may be conferred upon it by law. Construing this section we have held that county courts are courts of limited jurisdiction and can exercise jurisdiction only when there is found some express statutory authority therefor. Gilbert v. Bartlett, 9 Bush 49. The county court is a court of record and can speak only through its record. Fletcher v. Leight, Barrett & Co., 4 Bush 303.

The county judge, it has been held, constitutes the county court for certain purposes (Stephens v. Wyatt, 16 B. Mon. 542), but a county judge sitting as a county court has no power to lay a charge or allow a claim against a county in excess of that authorized by law. Harrison County v. Smith, 15 B. Mon. 126. There is no constitutional or statutory provision called to our attention or which we have been able to find authorizing a judge of the county court to enter into a contract on behalf of a county to arbitrate controversies concerning rights-of-way for public roads, especially where the road is a state or federal project. It is doubtful, though we do not so decide, whether the fiscal court by order properly entered of record can confer upon the judge of the county court authority to enter into an arbitration agreement to settle a controversy concerning a right-of-way in question. Before such an official can act on behalf of the county and bind it, he must be able to point to express authority either in the Constitution or statutes, and if he cannot do so he cannot justify his action under any im-

plied authority which he may claim as judge of the county court to act for and on behalf of the county. The answer as amended did not aver facts sufficient to constitute a defense to the cause of action set forth in the petition as amended, and the trial court did not err in sustaining a general demurrer to the answer as amended nor in adjudging appellant's answer and cross-petition insufficient and in granting the injunction prayed.

Judgment affirmed.