## Hazelip v. Fiscal Court of Edmonson County et al.

(Decided February 19, 1929.)

MILTON CLARK for appellant.

J. W. CAMMACK, Attorney General, S. H. BROWN, Assistant Attorney General, and CHARLES E. WHITTLE for appellees.

Opinion of the Court by Commissioner Hobson— Affirming.

W. R. Hazelip is a blind man living in Edmonson county. He brought this action against the fiscal court of Edmonson county, under the Act approved March 28, 1924 (Laws 1924, c. 18) showing that he had complied with all the provisions of the act and that the fiscal court had refused to provide for his relief under the act. The circuit court sustained a demurrer to his petition and he appeals.

The question presented by the appeal is whether the act simply empowers the fiscal court to make provision for the blind, leaving to their discretion whether they will act or not, or whether the act is mandatory and the fiscal court must make provision for the blind who comply with the act. The act is in these words:

"An act to provide for the relief of the needy blind in the counties.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. That the fiscal court or county commissioners of each of the counties of the state may levy, collect and disburse such sums of money from the general funds of their county as may be necessary to comply with the provisions of this act.

"Section 2. That each county may contribute to the support of the needy blind adults in the county a sum not to exceed $250.00 per annum to each such needy blind adult, as herein provided, said sum to be known as (The Blind Relief), and payable quarterly in equal installments due in the months of February, May, August and November, on the first day thereof.

"Section 3. That before any person shall be entitled to the benefits of this act, such a person must have resided in the State of Kentucky not less than ten years, and in the county of his residence not less than five years next before the application for relief is made. Such a needy blind person may thereafter file his application for relief in the office of the county court clerk, together with an affidavit sworn to by two reputable citizens of the county in which the applicant is a resident, in support of the facts

contained in the application. The said county court
clerk shall thereafter refer the applicant to the
county or city physician, who shall diligently exam-
ine the eyes of the applicant, and report facts of the
case to the county judge. If it is found that the ap-
plicant is destitute of useful vision, and otherwise
eligible according to the provisions of this act, as de-
termined by the county judge, such judge shall there-
after order the name of the applicant to be placed
upon the list of the needy blind of his county.

"Section 4. That no person shall be entitled to
the relief herein provided, who is a professional
beggar, or who by manual labor, or by his or her skill
or knowledge, in any profession, trade or craft is
able to earn any sum in excess of $400.00 per annum,
or who receives a pension from the United States or
any state or foreign government, or from any source
which, when added to his or her earnings, will exceed
the sum of $400.00, or who possesses property to the
value of $2,500.00 or more, or who has an income
from any source in excess of $400.00 per annum, or
who is an inmate of any state, county or charitable
institution within this state or any other state as de-
termined by the county judge to whom such applica-
tion has been referred by the examining physician as
herein provided."

It will be observed that the act by the second section
provides that the fiscal court may levy and collect such
sums of money as may be necessary to comply with such
provisions of the act, and by the second section it is pro-
vided that each county may contribute to the support of
the needy blind adults in a sum not to exceed $250 per
annum to each. Appellant earnestly insists that the gen-
eral rule is that permissive words in respect to courts or
officers are imperative in those cases in which the public
or individuals have a right that the power so conferred
be exercised. Elam v. Salisbury, 180 Ky. 147, 202 S. W.
56. But, while this rule should be applied in such a case
as was there before the court, it has not been applied to
a case like this, where an act, if so construed, would cre-
ate a public obligation where no public obligation existed
before the act was passed. The counties of the state are
simply arms of the state government. Breathitt Co. v.
Hagins, 183 Ky. 294, 207 S. W. 713. The fiscal court has
only such authority as is conferred upon it. Public obli-

gations are not created unless expressly authorized. Adams' Heirs v. McCoy, 212 Ky. 736, 279 S. W. 1103, and cases cited.

> "Thus the word 'may' should be construed to be mandatory whenever the public or individuals have a claim de jure that the power conferred should be exercised, or whenever something is directed to be done for the sake of justice or the public good; but never for the purpose of creating a right." 30 Cyc. p. 1160.

> "Permissive words in respect to courts or officers are imperative in those cases in which the public or individuals have a right that the power so conferred be exercised. Such words, when used in a statute, will be construed as mandatory for the purpose of sustaining and enforcing rights, but not for the purpose of creating a right or determining its character." 2 Lewis' Sutherland, Statutory Construction, sec. 636.

In many instances the fiscal court is authorized, in its discretion, to do things which it could not do without the authority of the statute. To illustrate, it may establish a tuberculosis sanatarium. That the act in question belongs to this class is shown by the fact that its express terms provide that each county may contribute to the support of the needy blind adults in the county a sum not to exceed $250 per annum to each. The amount to be paid is clearly left to the judgment of the fiscal court. The act does not provide that the fiscal court must pay a sum reasonably sufficient for the support of such blind adult, and it fixes no basis upon which the allowance is to be made. This being so, the whole matter of the provision for the blind must rest in the discretion of the fiscal court, and, if it sees fit, it may take no action under the act.

Judgment affirmed.