Harlan County ex rel. Middleton, County Attorney, v. Brock.

Harlan County v. Brock.

(Decided March 27, 1936.)

ELMON MIDDLETON and H. H. FUSON for appellant.

C. B. SPICER and W. A. BROCK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

Section 125, Kentucky Statutes, reads as follows:
"No Commonwealth's attorney shall be paid, or
receive as compensation for his services as such
officer, for any one year, from the state treasury,
more than four thousand dollars; and should the
salary and per centum of fines and forfeitures al-
lowed under this act to such officer in any district,
for any year, exceed said sum of four thousand
dollars, said excess shall not be paid to such of-
ficers; but the fiscal court or the board of commis-
sioners, in counties where, for county governmen-
tal purposes, a city is by law separated from the
remainder of the county of any county, may allow
the Commonwealth's attorney for that county such
compensation as they see proper, to be paid as
other claims against the county are paid."

During the years 1928 to 1933, inclusive, W. A.
Brock was commonwealth's attorney for the Twenty-
Sixth judicial district, composed of Bell and Harlan
counties. Proceeding under the above statute, Brock,
in the early part of 1934, and after his term of office
had expired, appeared before the Harlan fiscal court,
composed as was supposed of three commissioners,
and presented a claim for $2,790 to supplement his
salary to the amount of $4,000; it being shown that he
had received only $1,210 as fees and salary for that
year. The claim was rejected by the commissioners,
whose election was afterwards adjudged to be void.
Patterson v. Lawson, 255 Ky. 781, 75 S. W. (2d) 507.
From that judgment Brock appealed to the Harlan cir-
cuit court, which sustained a demurrer to and dismissed
the appeal. Thereupon he appealed to the Court of
Appeals. While the case was pending there, Brock ap-
peared before the Harlan fiscal court, then composed
of eight magistrates, and obtained an order signed on

December 28, 1934, reciting the foregoing facts, and allowing his claim of $2,790, and ordering that the order of the commissioners rejecting his claim be set aside, and reciting that it was agreed by the claimant and the court that the claimant would dismiss his appeal in the Court of Appeals, which he afterwards did. From that order the county, by its county attorney, prosecuted an appeal to the Harlan circuit court, where Brock moved to dismiss and demurred to the statement of appeal.

At a special meeting of the fiscal court held on January 7, 1935, the previous order allowing Brock's claim was set aside, and the claim was rejected. From that order Brock prosecuted an appeal to the circuit court.

The cases as consolidated coming on for hearing, Brock's motion to dismiss, and his demurrer to the statement of the appeal of Harlan county, were sustained and the appeal dismissed, and it was adjudged that the order of the fiscal court of December 27, 1934, allowing the claim was valid, and that the subsequent order of January 7, 1935, setting aside the previous order and disallowing the claim was invalid on the ground that the fiscal court had lost control of the prior judgments. It further adjudged that the appeal of Brock be sustained, and the fiscal court's order of January 7, 1935, be set aside and held for naught. Harlan county appeals.

The first question for decision is, whether the appeal of Harlan county from the order allowing appellee's claim was properly dismissed. Appellee takes the position that the order was entered on December 27th, and became effective on that date, though not properly signed until December 28th, and not having been filed until February 25th, it was not filed within 60 days as required by section 729 of the Civil Code of Practice. In support of this position attention is called to the rule that a judgment becomes effective from the date it is rendered, and not merely from the date it is signed. Ordinarily that is true when the rights of no third parties have intervened, Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842; but the rule does not apply to an appeal. On the contrary, a judgment becomes effective for the purpose of an appeal on the day it is signed, and the time within which the appeal must be filed is computed from that day and not from the day the judgment was rendered. Interstate Petro-

leum Co. v. Farris, 159 Ky. 820, 169 S. W. 535; Supreme Tent of Knights of Maccabees of World v. Dupriest, 238 Ky. 352, 38 S. W. (2d) 241. Otherwise, it would be in the power of the lower courts to postpone the signing of the judgment until the time for an appeal had expired, and thus deprive the losing party of the right of appeal. As the order did not become effective for the purpose of appeal until December 28, 1934, and the appeal was filed in the circuit court on February 25, 1935, the filing was within 60 days, and therefore in time.

Another contention is that the appeal was properly dismissed because the statement of appeal was not sufficient. The argument is that the order appealed from showed on its face that it was a compromise settlement, and the statement of appeal did not allege facts showing fraud or other misconduct on the part of the fiscal court. The order of the fiscal court allowing appellee's claim was not attacked collaterally on the ground of fraud, but the power of the court was directly challenged by the appeal. Where that is the case, it is not necessary for the statement of the appeal to contain an allegation of fraud or other misconduct on the part of the fiscal court. The question is properly raised by the filing of the appeal.

We come next to the main question: Was the allowance properly made? It is sought to uphold it under the following clause of the statute, supra: "But the fiscal court or the board of commissioners, in counties where, for county governmental purposes, a city is by law separated from the remainder of the county of any county, may allow the Commonwealth's attorney for that county such compensation as they see proper, to be paid as other claims against the county are paid." The argument is that the word "may" is used in the sense of must, and the statute makes it the duty of the fiscal court, where the commonwealth's attorney has not received as much as $4,000, to supplement his salary so that he will receive that amount. The statute does not fix the commonwealth's attorney's salary and fees at $4,000. It merely provides that he shall not receive "more than four thousand dollars." Not only so, but it is clear that the word "may," followed by the words "as they see proper," in connection with the allowance of compensation, confers authority and discretion only, and does not create a right or impose an absolute duty.

Hazelip v. Fiscal Court of Edmonson County, 228 Ky. 80, 14 S. W. (2d) 398. Aside from this, we have the additional question: May the allowance be made to the commonwealth's attorney after his term of office has expired? The case of McCracken County v. Reed, 125 Ky. 420, 101 S. W. 348, 349, 31 Ky. Law Rep. 31, presented the following situation: There was passed while Reed was circuit judge an act authorizing the fiscal courts of certain counties and the general councils of certain cities under certain circumstances to allow the judge of the circuit court certain compensation in addition to that paid by the state. Acts 1906, c. 126, p. 443. Thereupon the McCracken fiscal court allowed Reed the sum of $1,200 a year in addition to the salary paid by the state of Kentucky. It was held that the allowance changed Reed's compensation during his term of office, and was therefore violative of section 235 of the Constitution, providing that the salaries of public officers shall not be changed during the terms for which they were elected. In the course of the opinion it was said:

"The purpose of the constitutional provision was to secure to the public officers a certain fixed compensation, so that they would be independent of the Legislature. It was also designed to prevent official power and position from being used by the officer to increase the emoluments of the offices after he secured the office. The constitutional provision would be rendered entirely nugatory, and the door would be opened to every evil which the Constitution intended to prevent, if the Legislature, instead of increasing directly the salaries of public officials after their election, could authorize the fiscal courts or other municipal authorities to make such increase. In fact, this construction of the Constitution would tend to increase the evils which this provision of the Constitution was intended to prevent. The act is not invalid. It is simply inoperative as to circuit judges elected before its enactment or before the annual additional compensation provided for by the act is fixed by the county or city authorities. The county authorities, or the general council of a city, may make an allowance to the circuit judge for an annual additional compensation to be operative after the term of the present incumbent, but his compensation during the

term for which he has been elected cannot be changed during his term.''

But the point is made that the above rule is not applicable to this case for the reason that there was no change during appellee's term of office, but the change was made after the expiration of his term. It seems to us that this view of section 235 of the Constitution is entirely too narrow. The purpose of the provision was to require the salaries of public officers to be fixed before their terms began. To permit a change after the officer's term expired would defeat the purpose of the provision. Indeed, the allowance of additional compensation to an officer after his term expires is a mere gratuity.

Being of the opinion that the fiscal court was without power to make the allowance, it is unnecessary to determine the other questions raised.

It follows that Harlan county's appeal should not have been dismissed, and the court should not have adjudged the order of December 27th or 28th to be valid.

Wherefore, the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.