## Ehlenberger et al. v. Dalbey et al.

December 5, 1950.

Holland G. Bryan, Judge.

L. B. Alexander for appellants.

Boyd, Boyd & Williams for appellees.

JUDGE HELM—Affirming.

Appellants, Peter Ehlenberger and Marjorie Ehlenberger, and appellees, Sam D. Dalbey and Jane Dalbey Hedges, in this declaratory judgment action, are asking a declaration of their rights under a lease of January 25, 1945 from appellees to appellants for a building at 525 Broadway, Paducah. The period of the lease was from July 1, 1950 "with option of renewal." The rental was $175 a month from July 1, 1945 to July 1, 1948, and $200 a month from July 1, 1948 to July 1, 1950. Possession was given May 1, 1945 that appellants might repair and remodel the interior of the building.

Clause (c) of the lease provides:

"(c) Possession of said building is to be delivered to second parties on the first day of May, 1945, in its present condition; and the said first parties shall be required to keep only the walls and roof of said building in safe and tenantable condition and repair during the term of the lease and/or any renewal thereof, if renewed under the option hereinafter granted. The parties of the second part are to have the right to repair or remodel the interior of said building, including the front and floor thereof, as may suit their needs, installing such toilet, bar, light fixtures, heating plant, or wall paneling as they may desire; but is not to, in any way, damage or weaken the structure of said building either as to walls or any other part thereof; and on the termination of this contract of lease said second parties shall have the right to remove all articles placed in the building by said second parties; but in removing said fixtures the second parties hereto shall restore said building in as near the condition received as is possible, ordinary wear and tear excepted, leaving the walls, ceilings and floor in a tenantable condition."

Clause (d) of the lease provides:

"(d) It is understood that the second parties are given the option to renew or extend this lease for a period of five years after the first day of July, 1950, under the same terms and conditions, as set out herein, except as to rent. * * *"

Clause (e) provides for the payment of rent for the last six months of the five-year period in advance.

Appellants elected to renew the lease for an additional five years. The parties were unable to agree on the rental. Arbitrators were selected; they were unable to agree; the three arbitrators reported:

"Pursuant to our appointment as arbitrators under the terms of lease dated January 12, 1945, Mr. E. A. Cave, Sr. and Mr. John B. Blackburn did meet for the purpose of trying to arrive at a fair rental value of the property known as 525 Broadway for a lease to cover five year period from July 1, 1950. Being unable to agree the two arbitrators as above set out did agree upon Mr. Floyd Wade as the third arbitrator as provided for by the terms of said lease.

"That thereafter the three arbitrators did meet and report as follows. Based upon the condition of the property as of the date of the original lease, as substantiated by photographs of said property furnished us, Mr. Cave and Mr. Wade are of the opinion that a fair rental value for a term of five years beginning July 1, 1950, would be $175.00 per month. Mr. John B. Blackburn was of the opinion that $200.00 per month would represent a fair rental value.

"It was further established that the fair rental value of said property based upon its present condition would be $300.00 per month for a five year lease beginning July 1, 1950. Mr. Floyd Wade and Mr. John B. Blackburn concurred in the majority view and Mr. E. A. Cave, Sr. was of the opinion that $250.00 would be a fair rental value under said terms and conditions for said property.

"The arbitrators do report for advice to all concerned the findings as above set out."

Appellants, in their petition, set out the lease, the report of the arbitrators, and state that there is a controversy between the parties, appellants claiming that the rent, under the lease and report of the arbitrators, is $175 per month for the renewal period, the appellees claiming that it is $300 per month. Appellants pray that the court construe the lease and the report, and adjudge that the rent for the renewal period is $175 per month.

Appellees, by answer and counterclaim, refer to and quote from the lease; say that under the lease and report they are entitled to $300 per month for the renewal period; that they are entitled to $1800 advance rental; that appellants, under the lease, had a right to make repairs and to remodel the building; that under the lease appellants have a right to remove "only such trade fixtures as are not a permanent part of said building No. 525 Broadway;" that they now have a lien on all stock and removable fixtures to secure compliance with the terms of the lease, and are entitled to be adjudged a lien on all stock and removable fixtures and other furniture located in the building to secure them against loss for any failure on the part of appellants to restore the building to a "tenantable condition" when it is vacated.

On June 23, 1950, the Chancellor adjudged that appellants did not state a cause of action for which relief could be granted, and dismissed their petition. On the counterclaim of appellees, he adjudged the rights of the parties: (1) That the arbitrators were limited by the lease "to fix the rent" on the building as of July 1, 1950; that the arbitrators fixed the rent at $300 per month from July 1, 1950 to July 1, 1955, payable monthly in advance; (2) that the appellants did not forfeit their right to renew the lease, provided they tender one month's rent ($300) in advance, and the last six months' rent ($1800) as provided by the original lease, on or before July 1, 1950. Appellants, in accordance with the Chancellor's judgment, paid rent in advance at the rate of $300 per month, and paid the last six months' rent ($1800) in advance "under protest."

These payments having been made, it is conceded that the only question in issue now is the amount of the monthly rental.

Appellees filed motion to dismiss this appeal because the judgment was entered on June 23, 1950, and appeal was not filed in this court until August 30, 1950, more than 60 days after June 23, 1950. From a supplemental record filed in this court, it appears that the judgment entered on June 23, 1950 was not signed by the Chancellor until September 12, 1950. In Harlan County v. Brock, 263 Ky. 530, 92 S.W.2d 757, 758, we

said: "* * * a judgment becomes effective for the purpose of an appeal on the day it is signed, and the time within which the appeal must be filed is computed from that day and not from the day the judgment was rendered. * * * Otherwise, it would be in the power of the lower courts to postpone the signing of the judgment until the time for an appeal had expired, and thus deprive the losing party of the right of appeal. * * *"

In accordance with the contract of the parties, the question of the amount of the rental was properly submitted to arbitrators. Clause (d) of the lease further provided: "* * * In event the said second parties desire to renew or extend this lease, they shall give to one of the first parties three months' notice * * * prior to the 1st day of July, 1950; and said renewal is to be at a rental to be agreed upon between the parties hereto; or, if they are unable to agree on the rental, then * * * two out of the three of said arbitrators shall fix the rent to be paid under said extension or renewal of said lease."

There was testimony for appellants that the renewal lease was to be based on the condition of the building in July, 1945. Appellees objected to this testimony on the ground that it was an attempt to vary a written lease without a plea of fraud or mistake. This testimony was denied by witnesses for appellees. The Chancellor appears to have disregarded this evidence for appellants. He found:

"The Court does hereby declare and adjudge that the arbitrators selected to arbitrate the question of rent for the five year extension or renewal of said lease were limited by the contract of lease to fix the rent on said building as of July 1, 1950; and the award of said arbitrators did so fix said rents at Three Hundred ($300.00) Dollars per month beginning July 1, 1950, up to July 1, 1955, payable monthly in advance."

The judgment further provided that if appellants pay one month's rent of $300, and the last six months' rent ($1800) in advance, "it is adjudged said lease is renewed or extended for five years from July 1, 1950 to July 1, 1955 at the above adjudged rental subject to all the terms and conditions of said original lease * * *."

228

We are unable to say the Chancellor did not reach the correct conclusion.

The judgment is affirmed.