**CITY OF FRANKFORT et al.  v.  YOUNT.**

Court of Appeals of Kentucky.

Dec. 4, 1953.

———◆———

Frank M. Dailey, Frankfort, for appellants.

William A. Young, Frankfort, for appellee.

WADDILL, Commissioner.

The City of Frankfort, and E. C. Walker, its tax assessor, appeal from a judgment of the Franklin Circuit Court dismissing an appeal to that court from the Franklin Quarterly Court.

On August 4, 1953, the Franklin Quarterly Court rendered a judgment reducing the city's ad valorem tax assessment on appellee's dwelling from $7,900 to $6,500. This judgment was transcribed on the order book of the quarterly court on August 5th, but it was not signed by the judge until August 13th. An appeal from that judgment was filed in the Franklin Circuit Court on September 8, 1953.

Rule 72.02 of the Rules of Civil Procedure allows 30 days from the date a judgment is rendered within which a party may appeal from a judgment of a quarterly court. We must decide from what date the 30 days begins to run.

Under our practice prior to the adoption of the Rules of Civil Procedure it seems clear that the time during which an appeal could be taken was computed from the time the judge signed the judgment after it had been spread on the order book.

In Harlan County ex rel. Middleton v. Brock, 263 Ky. 530, 92 S.W.2d 757, 758, we said:

"* * * a judgment becomes effective for the purpose of an appeal on the day it is signed, and the time * * * is computed from that day and not from the day the judgment was rendered. * * *"

"It is signed" in the above quotation means signed on the order book, and does not apply to signing original copies submitted to the judge. In Muncy v. Gibson, 169 Ky. 153, 183 S.W. 464, this Court held there is no judgment to appeal from where the judgment of the lower court is signed by the judge but not entered on the order book.

As this Court said in Ewell v. Jackson, 129 Ky. 214, 110 S.W. 860, 861:

"* * * A paper signed by a judge, although it contain the entire judgment, and be delivered to the clerk

of the court to enter upon the order book, is not a judgment in fact until it has been entered upon the order book of the court and signed by a judge.
\* \* \*"

Rule 58, Rules of Civil Procedure, eliminates the requirement that a judgment be signed on the order book by a judge before it becomes effective insofar as the civil judgments of circuit courts are concerned. Civil Rule 58 reads:

"Before a judgment or order may be entered in a circuit court, it shall be signed by the judge. The circuit clerk, forthwith upon receipt of the signed judgment or order shall note it in the civil docket as provided by Rule 79.01. The notation shall constitute the entry of the judgment or order and it shall become effective as of the time of such entry. The entry of the judgment shall not be delayed for the taxing of costs."

Appellee insists that Rule 58 applies to the judgments of quarterly courts as well as to circuit courts, arguing that the purpose of the Rules of Civil Procedure is to produce uniformity of procedure in all the domestic courts of the Commonwealth.

Appellee's argument is untenable in view of the action of the General Assembly in 1952 in amending KRS 28.050 which formerly read:

"Every clerk shall from his minutes draw up the proceedings of each day in a plain, legible manner, which after being corrected as ordered by the court, and read in an audible voice, shall be signed by the presiding judge."

so that it now reads:

"The clerk of quarterly courts, police courts and courts of justices of the peace, and circuit clerks in all criminal proceedings shall from his minutes draw up the proceedings of each day in a plain, legible manner, which, after being corrected as ordered by the court, and read in an audible voice, shall be signed by the

presiding judge. (1952, c. 84, § 47; effective July 1, 1953.)"

It is thus clear that judges of the quarterly courts must sign the judgments on the order books before they can become effective for the purposes of appeal and that this practice in the quarterly courts has not been changed by the Rules of Civil Procedure.

For these reasons the circuit court was in error in dismissing the appeal.

Judgment reversed.