## GERMANN BROS. MOTOR TRANSP., Inc., et al.

v.

## FLORA et al.

Court of Appeals of Kentucky.

Dec. 8, 1953.

William A. Young, Robert M. Pearce, Frankfort, for appellants.

Joseph J. Leary, Rudy Yessin, George M. Catlett, Frankfort, for appellees.

DUNCAN, Justice.

By an order entered on a former day of this term, the original appeal was dismissed because the record was not filed in this Court within ninety days after May 5, 1953, the date upon which the judgment was ostensibly entered and signed by the lower court. KRS 281.785(4). Subsequent to the filing of the original record in this Court, the appellants moved the lower court for a correction of the judgment to show that it was actually signed on May 6, 1953. As computed from the latter date, the appeal here is in time.

The lower court, reciting in its order that it "lost control of the judgment and proceedings * * * when an appeal therein was taken to the Court of Appeals of Kentucky," declined to entertain the motion or make a finding as to whether the judgment was signed on May 5 or May 6. An order was accordingly entered overruling the motion. The propriety of the latter order is now before us on a separate appeal, accompanied by the record compiled in the supplementary proceeding.

Prior to the adoption of the Kentucky Rules of Civil Procedure, which are not involved here since the original judgment was rendered before their effective date, this Court has often declared that a judgment becomes effective for the purpose of an appeal on the day it is signed by the court. Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S.W. 535; Supreme Tent of Knights of Maccabees of World v. Dupriest, 238 Ky. 352, 38 S.W.2d 241; Harlan County ex rel. Middleton v. Brock, 263 Ky. 530, 92 S.W.2d 757; Ehlenberger v. Dalbey, 314 Ky. 223, 234 S.W.2d 735. Appellees do not question this rule but insist that there is a conclusive presumption that the judgment was signed on May 5, and that the court is without jurisdiction to make a correction even though the judgment may have been signed on a later date.

In Harlan County v. Brock, supra, an appeal was prosecuted to the circuit court from an order of the fiscal court making an allowance to the Commonwealth Attorney as a supplement to his salary. The order from which the appeal was taken, so far as the record disclosed, was entered and signed by the fiscal court on December 27, and by reference to that date, the appeal

to the circuit court was one day too late. An amended certification was subsequently filed in the circuit court showing the judgment to have been signed on December 28, and the right of appeal was sustained by this Court. In Ehlenberger v. Dalbey, supra, a declaratory judgment action, the appeal here was from a judgment which, on the face of the record, appeared to have been entered and signed on June 23, 1950, which was more than sixty days prior to the filing of the record in this Court. After a motion to dismiss the appeal here, a motion was filed in the lower court seeking a correction of the judgment to show that it was not signed until September 12, 1950. The circuit court declined to make the correction, but its memorandum opinion filed in support of its order overruling the motion affirmatively disclosed that the judgment was signed on September 12. The motion to dismiss the appeal was overruled in this Court upon the basis of the statement contained in the memorandum of the lower court. In both cases, the omitted fact was supplied for the record on appeal through the medium of a motion, made before the court rendering the judgment, to enter an order or correct the judgment in such a manner as to reflect the actual date of its signing. Implicit in those opinions is the recognition that the court rendering the judgment has jurisdiction to make such a correction, notwithstanding the fact that an appeal has been prosecuted from the judgment.

In the instant case, the appellants have followed precisely the same route taken by the appellants in the Ehlenberger case. The only difference in that and the present case rests in the fact that here the judge of the lower court overruled appellants' motion to correct the judgment and made no finding as to the date upon which it was actually signed, solely for the reason that he conceived his jurisdiction to have been ousted by the taking of an appeal. We think the court has jurisdiction to make a correction as to the date upon which the judgment was signed, if he has sufficient knowledge of that fact or if the evidence heard on a motion justifies the correction.

Appellees insist that the motion for correction of the judgment is a proceeding under Section 518 of the Civil Code of Practice for relief from a clerical misprision and that the court's jurisdiction is limited to correction of mistakes which are susceptible of demonstration on the face of the record. Numerous opinions of this Court, including Ballew v. Fowler, 285 Ky. 149, 147 S.W.2d 65, are cited in support of this contention.

The power of a court to amend records of its judgments by correcting mistakes, or supplying defects or omissions therein, is distinguishable from the power of a court to modify or vacate an existing judgment. A court may exercise its powers merely to amend or correct the record of its judgment, so as to make it speak truthfully, under circumstances which would not justify it in exercising its power to vacate the judgment. 30 Am.Jur., Section 94, page 866, Judgments. The authority of courts of record to correct records of their judgments, as distinguished from the judgment itself, is generally regarded as inherent and as existing apart from any statute. The present motion does not involve an attack upon the judgment nor a challenge to its validity. Neither does it require a relitigation of former issues. It only seeks a correction of the record to reflect what appellants allege is the correct date of the signing of the judgment.

We emphasize the fact that we have no authority to direct the lower court what its finding shall be with reference to the date upon which the judgment was signed. We merely hold that it has jurisdiction to determine, as a question of fact, whether or not it was signed on a date subsequent to that shown by the record as presently certified.

Since there are no jurisdictional grounds which would preclude the court from making such a finding, the judgment overruling appellants' motion is reversed for proceedings consistent with this opinion. The order dismissing the original appeal is set aside and the motion to dismiss is passed.