COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Hilda L. DALY, Widow, et al., Appellees.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Harold Ray TRUE et al., Appellees.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Augustus THRELKELD et al., Appellees.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Ralph GROVES, Single, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1964.

John B. Breckinridge, Atty. Gen., Wm.
A. Lamkin, Jr., Asst. Atty. Gen., Chas. E.
Skidmore, Frankfort, for appellant.

William F. Threlkeld, Ottis P. Lanter,
Williamstown, for appellees.

CLAY, Commissioner.

These are consolidated appeals from
judgments in condemnation cases dis-
missing appellant's attempted appeals from
the county court to the circuit court. The
basis of the rulings was that such appeals
were not taken within the time allowed by
law. The controversy concerns the true
date when the county court judgments were
entered by the signing of the order book by
the county judge.

The judgments in the county court were
tendered to the county judge on October 4,
1961, and apparently were signed by him
on that date. The signing of the *judg-
ments* did not constitute the entry thereof,
the date of signing the *order book* con-
stituting the rendition or entry of the
judgment. Commonwealth v. Clarke, Ky.,
340 S.W.2d 442. The determination of the
date when the order book was signed is the
controlling factor in this case since appel-
lant did not file its statement of appeal
until November 8, 1961. An appeal must
be taken within 30 days from the date of
·the judgment. KRS 177.087.

The order book in which these judgments were recorded did not show the date it was signed. Appellant (with leave of the circuit court to which the appeals had been taken) moved the county court for an order showing the specific date on which the county judge had signed the order book. Pursuant thereto, the county court entered an order reciting that the order book had been signed by him on two separate dates, October 6 and October 7. If the judgments were entered on either of those dates, the appeals were not timely.

■ Since the corrected record which appellant sought did not put it in any better position, the contention is now made that the county court had no authority to thus correct its records and the judgments were not entered at any time in October because *no date of signing was shown on the face of the order book.* It is insisted that affixing the date of signing is just as important as the signing itself and that there is no judgment until *both* of these entries are made on the order book. While we think it inexcusable that a record of this nature failed to show the date of signing, this was simply a clerical mistake which falls within the corrective provisions of CR 60.01.

■ It seems clear from the decisions in City of Frankfort v. Yount, Ky., 262 S.W.2d 665, and Commonwealth v. Clarke, Ky., 340 S.W.2d 442, that the judicial act which makes a judgment effective is the signing of the order book (wherein the judgment is recorded). The date this is done is a part of the record which it is the duty of the clerk to keep. Dating the entry is a ministerial act to be performed by him and consequently a mistake in the date of signing could not impair the effectiveness of the judgment. The omission of any date differs from an incorrect date only in the matter of degree, and such a mistake can properly be corrected as was done here.

Since under the findings of both the county court and the circuit court the judg-

ments were rendered not later than October 7, 1961, the appeals attempted to be taken November 8, 1961 were not within the time prescribed by KRS 177.087.

The judgments are affirmed.