**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**C. A. HOWARD et al., Appellees.**

Court of Appeals of Kentucky.

May 13, 1966.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Deddo G. Lynn, Lexington, for appellant.

Paul D. Rehm, Versailles, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment of the Woodford Circuit Court dismissing the Department of Highway's appeal from a judgment of the Woodford County Court approving a commissioners' appraisal of $13,320 for portions of three parcels of land condemned for the construction of the Bluegrass Parkway.

The Department's notice of appeal of the County Court judgment to the Circuit Court stated that the judgment was rendered on June 22, 1964, and, since the Department's notice of appeal was not filed until July 27, 1964, more than thirty days after the alleged date of the County Court judgment, the Circuit Court dismissed the appeal on November 7, 1964, upon motion of the appellees which motion had been filed on September 30, 1964.

Actually, the typed judgment was dated June 22, 1964, but was not entered in the signed Order Book in the County Court until July 24, 1964, but this fact was not reflected at all in the record of appeal in the Circuit Court, and, consequently, the Circuit Court took the Department at its

word that the County Court judgment was effective June 22, 1964. Since the Department's notice of appeal was dated July 27, 1964, it is obvious that the thirty-day period for filing an appeal had been exceeded, so the appeal was dismissed. A judgment does not become effective when it is signed, but when it is entered in the signed Order Book of the Court, Commonwealth, Department of Highways v. Daly (1964), Ky., 374 S. W.2d 497, and the Department (in the case at bar) did not move to correct the record in the Circuit Court.

An attempt was made by the Department to insert the omitted data in the record of appeal in this Court (the Court of Appeals), and the appellees' objection to this course must be sustained, for this Court, in its function as an Appellate Court, is confined to the information in the record in the trial court.

The judgment is affirmed.