**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Lloyd STAMPER et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

Rehearing Denied March 29, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Robert Rieckhoff, Dept. of Highways, Frankfort, Lewis D. Jones, Dept. of Highways, Flemingsburg, for appellant.

Ora F. Duval, Counts & Duval, Olive Hill, for appellees.

DAVIS, Commissioner.

The dispositive question in this appeal taken by the Department of Highways in a condemnation proceeding is procedural. On December 28, 1965, the Department instituted condemnation proceedings in the Carter County Court seeking right-of-way over land owned by the appellees. The land was subject to a lease for excavating limestone, and the lessee was made a party in the county court.

The condemnees challenged the Department's right to proceed on the basis that there had not been good faith efforts looking toward negotiation with the owners prior to the institution of the condemnation proceedings as required by KRS 177.081(1). On January 17, 1966, a hearing was had in the Carter County Court at which evidence was heard on that issue. On the same date, the county judge signed a purported judgment upholding the right of the Department to proceed and permitting the Department to take possession of the condemned land upon its payment into court of $30,000, the amount fixed by the commissioners. The purported judgment was recorded in the county court order book by means of a photostatic process so that the order book reflected an exact picture of the judgment as originally typed and as originally signed by the county judge. However, the county judge did not at that time sign the judgment on the county court order book.

On February 8, 1966, with the record in the condition just described and the judgment unsigned on the county court order book, the present appellees (the surface owners but not the lessees) filed a document entitled "Statement of Appeal—Exceptions to Commissioners' Report and Award—Exceptions to Procedures and Judgment of Carter County Court." Among other bases for attack on the county court judgment, the present appellees in their statement of appeal to the circuit court pointed out that the county court "judgment," as signed on separate paper

by the county judge on January 17, 1966, had never been signed on the order book of the Carter County Court.

After certain motions and hearings in the circuit court, the trial judge rendered the judgment now on appeal, setting aside the judgment of the Carter County Court dated January 17, 1966, as void. The appellant contends that the judgment of the circuit court is erroneous because the appeal to the circuit court was premature so that the circuit court acquired no jurisdiction by virtue of that appeal. We agree.

■ We have held frequently that a judgment of a county court is ineffective until signed on the order book by the presiding judge of the court. See Com., Dept. of Highways v. Daly, Ky., 374 S.W.2d 497, in which this principle was recognized in the following language:

"It seems clear from the decisions in City of Frankfort v. Yount, Ky., 262 S.W.2d 665, and Commonwealth, Dept. of Highways v. Clarke, Ky., 340 S.W.2d 442, that the judicial act which makes a judgment effective is the signing of the order book (wherein the judgment is recorded." Id. 374 S.W.2d 498.

It is apparent, therefore, that on February 8, 1966, no judgment of the Carter County Court had become effective by the required judicial act as noted in the just cited authority. It follows that there could be no appeal from the nonexisting judgment. Muncy v. Gibson, 169 Ky. 153, 183 S.W. 464; Pardue v. Commonwealth, 225 Ky. 60, 7 S.W.2d 512; Jones v. Commonwealth, 238 Ky. 607, 38 S.W.2d 461. See 73 A.L.R. 2d 255, wherein it is stated: "However, generally speaking, in all jurisdictions there must be a judgment or order before an appeal can be taken." In the same annotation, decisions of this court handed down when the Civil Code governed our practice are cited for the proposition that an appeal is not supported by an unsigned judgment. See 73 A.L.R.2d 273, and Kentucky cases there cited, including Germann Bros. Motor Transp., Inc. v. Flora, Ky., 262 S.W.2d 821.

■ It is shown in the record that the county judge did sign the judgment on the order book on February 9, 1966, one day after the appeal had been undertaken by the present appellees. Appellees urge that this fact should be deemed as breathing life into their premature appeal, but we are persuaded that authority and reason impel the contrary view. Cf. Farris v. Matthews, 149 Ky. 455, 149 S.W. 896.

We are told in the brief for appellees that a timely appeal was taken to the Carter Circuit Court by Valley Stone Co., Inc., the lessee of the limestone rights, and it is suggested that this fact validates the judgment of the Carter Circuit Court in the present proceeding. The difficulty is that we have no proper record before us reflecting whether any such appeal was taken, so that we do not reach the question whether the separate appeal of the lessee had any effect upon the premature appeal by the present appellees.

Since there was no judgment from which an appeal could have been prosecuted from the Carter County Court to the Carter Circuit Court on February 8, 1966, the abortive appeal undertaken did not serve to confer jurisdiction upon the Carter Circuit Court in this proceeding; hence, any undertaken adjudication by the Carter Circuit Court was improper and erroneous.

The judgment is reversed with directions to enter a new judgment dismissing the appeal from the Carter County Court.

All concur.