**M. S. S. ENTERPRISES, INC., Appellant,**

v.

**LOUISVILLE GAS & ELECTRIC COM-PANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Marshall B. Hardy, Jr., Hardy, Logan & Tross, Louisville, for appellant.

O. Grant Bruton, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellee.

STEPHEN COMBS, JR., Special Commissioner.

The determining question in this appeal by appellant-condemnee in a condemnation proceeding is procedural. On November 17, 1966, the appellee instituted condemnation proceedings in the Jefferson County Court seeking an easement for the construction and maintenance of electrical transmission lines and appurtenances through and over the land of appellant.

The appellant by its answer challenged appellee's right to condemn on the grounds that (1) there had not been good faith efforts toward negotiating with the owner prior to the institution of the condemnation proceedings as required by KRS 416.130; (2) the award of the Commissioners was grossly insufficient; and (3) the easement was not necessary and condemnor had no right to proceed.

A hearing on the issues was had in the county court on January 25, 1967. On January 26, 1967, the County Court Judge Pro Tem found for appellee and signed a paper judgment. On February 22, 1967, condemnee filed its appeal from said judgment to the Jefferson Circuit Court. Thereafter, on February 25, 1967, the Coun-

ty Judge Pro Tem signed the page of the Jefferson County Court "Minute Book" containing the entries on said book as authenticated by the presiding judge as follows:

"2040 IN RE CONDEMNATION
LOUISVILLE GAS AND ELEC-
TRIC COMPANY

vs.

M. S. S. ENTERPRISES, INC.

This day judgment entered, is recorded in Judgment Book 2 page 434 and is made a part of these minutes by reference * * *

JUDGE PRO TEM 2/25/67
/s/ Allen Schmitt"

At the time of the signing of the "Minute Book" the paper judgment dated January 26, 1967, had been photostatically reproduced and bound in the "Judgment Book." This book is never signed in the margin or elsewhere. It is apparent that two sets of records are kept by the Jefferson County Court, one called a Minute Book and the other a Judgment Book. The "Minute Book" is signed by the Judge, but the "Judgment Book" is never signed and contains only the photostatic reproductions of judgments in a bound volume.

In the Jefferson Circuit Court a pretrial order was entered and the case submitted on the various issues, including a motion to dismiss the appeal because the same was prematurely filed. The court, having considered the record and being advised, sustained the motion to dismiss and entered a judgment on May 17, 1968, dismissing the appeal for lack of jurisdiction and affirming the judgment of the county court. From this judgment appellant prosecutes an appeal to this court.

■ In the recent case of Commonwealth of Kentucky, Department of Highways v. Stamper, Ky., 424 S.W.2d 821, we said:

"We have held frequently that a judgment of a county court is ineffective until signed on the order book by the presiding judge of the court. See Com., Dept. of Highways v. Daly, Ky., 374 S.W. 2d 497, in which this principle was recognized in the following language:

'It seems clear from the decisions in City of Frankfort v. Yount, Ky., 262 S.W.2d 665, and Commonwealth, Dept. of Highways v. Clarke, Ky., 340 S.W. 2d 442, that the judicial act which makes a judgment effective is the signing of the order book (wherein the judgment is recorded.)' Id. 374 S.W. 2d 498.

It is apparent, therefore, that on February 8, 1966, no judgment of the Carter County Court had become effective by the required judicial act as noted in the just cited authority. It follows that there could be no appeal from the nonexisting judgment. Muncy v. Gibson, 169 Ky. 153, 183 S.W. 464; Pardue v. Commonwealth, 225 Ky. 60, 7 S.W.2d 512; Jones v. Commonwealth, 238 Ky. 607, 38 S.W. 2d 461. See 73 A.L.R.2d 255, wherein it is stated: 'However, generally speaking, in all jurisdictions there must be a judgment or order before an appeal can be taken.' In the same annotation, decisions of this court handed down when the Civil Code governed our practice are cited for the proposition that an appeal is not supported by an unsigned judgment. See 73 A.L.R.2d 273, and Kentucky cases there cited, including Germann Bros. Motor Transp., Inc., v. Flora, Ky., 262 S.W.2d 821."

■■ Appellant urges in its brief that the photostatic reproduction of the signed paper judgment and the placing of it in the bound volume of a Judgment Book make it effective from the date of the signing. We cannot agree. The judicial act which makes a judgment effective is the signing of the Order Book (in this case the Minute Book signed February 25, 1967). The judgment entered in the Judgment Book contained

only the facsimile signature of the judge. Thus, the Judgment Book was never signed and the only appeal that could have been taken was from the Order entered on the Minute Book. No appeal having been taken after February 25, 1967, the lower court properly dismissed the appeal.

Since the lower court's dismissal of the appeal to the Jefferson Circuit Court for want of jurisdiction is being affirmed by this court and no further appeal having been taken or can be taken, it is unnecessary for this court to pass on the other questions presented on appeal.

Judgment affirmed.

All concur.