[Civ. No. 1863.   Fourth Appellate District.—March 15, 1938.]

LUELLA RYAN, Respondent, v. D. L. BURK et al., Appellants.

Dan F. Conway, District Attorney, W. C. Tupper, Assistant District Attorney, and Henry .A. Hunter, Deputy District Attorney, for Appellants.

Shepard & Shepard for Respondent.

BARNARD, P. J.—This is an appeal by the trustees of a school district from a judgment in favor of the petitioner and respondent directing the issuance of a writ of mandate requiring the appellants to reinstate the respondent as a teacher in the school maintained in said district and to pay her salary from September 1, 1936.

The respondent taught continuously in said district from 1920 until the end of the school year 1935–1936, except for the year 1926–1927. In April, 1926, she applied through the principal of the school for a leave of absence for the next school year and a Mrs. Magnuson was recommended to take her place for that year. The minutes of the board show nothing with respect to the granting of this leave of absence but the respondent did not teach during the next year and Mrs. Magnuson did. This school had less than eight teachers and permanent tenure of such teachers was not provided for until August 1, 1927 (Stats. 1927, p. 1913). The respondent returned to her work at the opening of the school year 1927–1928 and taught continuously until the end of the school year 1935–1936. In the spring of 1936 the board of trustees determined that the teaching staff of this school must be diminished because of a decrease in attendance and notified the respondent that her services would no longer be required. She demanded that she be retained on the ground that she had seniority rights and presented herself and offered to teach· on the opening of the year 1936–1937. She was not allowed to teach and this action followed.

█ It is admitted that all teachers in this school had permanent status when these events took place in 1936 and that the respondent was the oldest teacher in point of service unless this service was broken by her absence during the year 1926–1927. Appellants take the position that a leave of absence for that year was not legally granted, that the respondent was merely reemployed when she returned the next year, and that her continuous employment dates from that time, making her the youngest teacher in point of ser-

vice. They contend that the evidence discloses that there was merely a verbal understanding that if the respondent returned after the year 1926–1927 she would again be elected as a teacher in said district, that during that year there was no relationship of employer and employee between her and the district, and that the evidence is, therefore, insufficient to sustain the judgment.

The evidence shows something more than a mere understanding that the services of the respondent as a teacher were being terminated at the end of the school year 1925–1926, with an oral agreement that she would be reemployed after the lapse of a year. The respondent testified that in the spring of 1926 she told the principal of the school that she wanted a leave of absence for the next school year and that she later received word that the board had granted her a leave of absence. The principal testified that the respondent told her she wanted a leave of absence for the next year and asked her to present the matter to the board, that she told her she would do so, and that at a meeting of the board in May, 1926, the board granted the leave of absence. One of the five members of the board at that time was dead at the time this case was tried. The other four members each testified that the respondent asked for a leave of absence for that year and that the leave was granted with the consent of all the members present at the meeting. Several of them testified that all of the members of the board were present. One of these board members testified that a motion to grant the leave of absence was made and passed. Three of them testified that it was understood by all that the respondent was to come back after one year and that Mrs. Magnuson was employed for that one year only.

The law at that time required a board to give to a teacher written notice on or before the 10th day of June in any year if her services were not required for the ensuing year. It was stipulated that no such notice was given to the respondent before June 10, 1926. So far as was shown in this case no such notice was given to Mrs. Magnuson in the spring of 1927 and no action was taken by the board to dismiss her or with reference to reelecting the respondent. The only action which appears in this regard is one shown in the minutes of the board during the spring of 1927, which reads: "Resolution adopted to retain the present staff of teachers for another

year.'' Without anything else being done, the respondent assumed her duties at the opening of the school year 1927–1928 and taught continuously thereafter for some years. This resolution, with the subsequent conduct of the parties, is significant as indicating that the respondent was then regarded as one of the ''present staff of teachers'', which could only be true if she was still an employee and merely on a leave of absence. It is also significant that no reelection was deemed necessary when she returned the next year and was allowed to proceed without any such formality. Assuming that these facts were established by competent evidence, it cannot be said that there was no relationship of employer and employee existing between this district and the respondent during the year in question. The granting of such a leave, which the law authorized the board to do, had the effect of continuing that relationship during the extent of the leave of absence. (*Fairchild* v. *Board of Education*, 107 Cal. 92 [ 40 Pac. 26] ; *Kennedy* v. *Board of Education*, 82 Cal. 483 [22 Pac. 1042].) While the right to be paid was suspended during the leave, the employment was not terminated. The only possible question is whether parol evidence could be received to show an action taken by the board which does not appear in their minutes.

It has been held that matters omitted from the record of an administrative board can be proved by evidence unless the law expressly requires such matters to appear of record and makes the record the only evidence thereof. (*Gordon* v. *City of San Diego*, 108 Cal. 264 [41 Pac. 301].) With respect to a private corporation it has been held that the minutes are *prima facie* but not conclusive evidence of what they show, and that in the absence of the element of estoppel parol evidence may be received to show what actually took place at a directors' meeting. (*Cox* v. *First Nat. Bank*, 10 Cal. App. (2d) 302 [52 Pac. (2d) 524].) There are particularly good reasons for applying such a rule to the actions taken by the boards of trustees of smaller school districts. The clerks of such boards are often, if not usually, unskilled in keeping such records and the proceedings of such boards are frequently carried on in a more or less informal manner. Regardless of any such informality no good reason appears, in the absence of a law requiring it, for upsetting a definite action taken by such a board when

such action can be established by clear and convincing proof. This is the situation here where the fact that a leave of absence was granted for the year in question conclusively appears from the oral testimony and is further supported by such minutes as were actually entered. In our opinion this evidence was properly received and the court was justified in holding that the respondent was granted a leave of absence for the year in question. There was therefore no lapse in the period of employment and it follows that she is entitled to seniority rights as a teacher in said district.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.