SAMUEL F. WEST *v.* CITY OF CLARKSBURG

(CC 634)

Submitted January 8, 1941. Decided February 4, 1941.

*Powell & Clifford,* for plaintiff.
*William G. Johnson,* for defendant.

LOVINS, JUDGE:

Plaintiff instituted this action against the City of Clarksburg, alleging in his declaration that he was injured as a result of the failure of the city to keep Milford Street in repair, which street is within the corporate limits. Defendant's special plea alleges that Milford Street is a connecting part of the primary road system, through the city for U. S. Route No. 19, and by reason of statute the duty of maintaining the same rests with the

state road commissioner. Plaintiff's replication admits the use of Milford Street by the travelling public as such connecting part and that it is the only street in Clarksburg marked with standard route signs as U. S. Route No. 19, but alleges that at the time of the injury complained of, the state road commissioner had not entered an order designating Milford Street as a connecting part of the primary road system or for Route No. 19, and that until such order is entered, the duty of keeping the same in repair remains with the city.

Demurrers to the declaration, special plea, and special replication were interposed and overruled. As to the ruling of the court below on the demurrers to the declaration and special plea, we express no opinion.

On this certification, there is involved the sufficiency of the special replication. The precise question raised by the special replication and demurrer thereto is, what action on the part of the state road commissioner is required by Acts 1933, Ex. Sess., Ch. 40, Art. IV, Sec. 26 (1937 Michie Code, 17-4-26) to "designate" a city street as a connecting part of the primary road system, so as to relieve the city from the duty of keeping such street in repair? By overruling the demurrer to the special replication, the lower court has held, in effect, that such designation must be evidenced by an order entered by the commissioner. It seems to be conceded that the demurrer to the special replication should have been sustained, if Milford Street had been so designated at the time of plaintiff's alleged injury.

Chapter 40, Acts 1933, Extraordinary Session, materially amended the road law as it appears in the Official Code, 1931, and its provisions now appear in the 1937 Michie Code in Chapter 17, with the same numerical designation as to article and section. For the sake of brevity and to avoid confusion, we will hereinafter cite article and section only, referring, of course, to Chapter 40, Acts 1933, Extraordinary Session, and Chapter 17, 1937 Michie Code.

Art. IV, Sec. 26, provides: "The state road commissioner shall designate and may, at any time, relocate and redesignate as a connecting part of a primary road, any

bridge or street within a municipal corporation. The commissioner shall construct, reconstruct, improve and maintain the designated connecting part at the cost and expense of the state: * * *." Streets "designated as primary roads within municipalities" shall be taken over by the commissioner on July 1, 1933. Art. IV, Sec. 32. The statute just cited refers to the act of taking over designated streets and not to the designation thereof as connecting parts of a primary road. If Milford Street was, in fact, designated by the state road commission as a connecting part of a state road under the law as it existed prior to 1933, when Art. IV, Sec. 26 became effective, this section (Art. IV, Sec. 32) would operate as of the date mentioned therein.

The exact question referred to has not heretofore been considered by this Court. To properly determine the same, we are first confronted with an investigation into the powers and duties of the state road commissioner as they relate to Art. IV, Sec. 26. The state road commission and the state road commissioner are separate instrumentalities created by Chapter 17, Code, as amended. The commission is a corporation and its duties are mainly advisory. Article II, Sections 1, 11, 12. The commissioner's powers, it would seem, are enlarged by Article I, Sec. 2. However, this inquiry involves only the powers and duties set forth in Art IIA, Sec. 9 (13) and Art. IV, Sec. 26. The pertinent parts of Art. IIA, Sec. 9 (13) are as follows: "The commissioner in addition to the other powers granted by this chapter shall have the sole authority to: * * * Keep a complete and accurate record of all proceedings, record and file all bonds and contracts taken or entered into, assume responsibility for the custody and preservation of all papers and documents pertaining to his office. Rules and regulations shall be recorded in a book especially kept for that purpose, and may be in his discretion published for general circulation. All other records and entries necessary to show the official conduct of the department shall be preserved and shall be public records and open for inspection during business hours."

Is the language of the statute just quoted, giving the commissioner "sole authority to keep a complete and accurate record of all proceedings" permissive or mandatory? Section 9 (13) is the only portion of Chapter 17, as amended, which refers to the keeping of records by the commissioner, and if the same is merely permissive, no record could be required as a prerequisite to proper designation under Art. IV, Sec. 26, since that section is silent as to procedure. It is clear, we believe, that in ordinary usage the portion of Section 9 (13) referred to is not mandatory or in essence a command, however, under accepted rules of statutory construction, where power is given to public officers in permissive terms, the same will be construed as mandatory where the public interest or individual rights call for its exercise. Lewis' Sutherland Statutory Construction, 2d ed., sec. 637. "If the public interest or private rights call for the exercise of the power vested in a public official, the language used, though permissive or directory in form, is in fact peremptory or mandatory, as a general rule." Crawford, Statutory Construction, sec. 266. "Especially is this so when there is nothing in the act save the permissive form of expression to denote that the legislature designed to lodge a discretionary power merely." *McDade* v. *City of Chester,* 117 Pa. 414, 12 Atl. 421, 422, 2 Am. St. Rep. 681. "Where a statute * * * clothes a public body or officer with power to do an act which concerns the public interests or the rights of individuals, though the language of the statute be permissive merely, it will be construed as imperative, and the execution of the power may be insisted upon as a duty." *People* v. *Board of Supervisors,* 51 N. Y. 401. See also *In re Application,* 67 W. Va. 213, 222, 67 S. E. 597; *Board* v. *Cahoon,* 121 Va. 768, 94 S. E. 340; *Supervisors* v. *U. S.,* 4 Wall. 435, 18 L. Ed. 419; *Deseret Sav. Bank* v. *Francis,* 62 Utah 85, 217 P. 1114; *Attleboro Trust Co.* v. *Commissioner,* 257 Mass. 43, 153 N. E. 333; *U. S.* v. *Caplinger,* C. C. A. 8th, 18 Fed. (2d) 898. As to statutes giving "power and authority" to public officers, see *State ex rel. Pryor* v. *Miller,* C. C. A. 4th, 194 Fed. 775, 779, 114 C. C. A. 495; *County Commissioners* v.

*Duckett*, 20 Md. 468, 83 Am. Dec. 557; *George* v. *Board*, 207 Ala. 227, 92 So. 269.

This salutary and established rule should be kept within certain well-defined limitations. "This rule of construction is to enable the courts to effectuate the will of the legislature, and for no other purpose." *In re Application, supra.* "Permissive words in statute in respect to courts or officers will not be construed as imperative; where such construction would create a new public obligation." *Hazelip* v. *Fiscal Court*, 228 Ky. 80, 14 S. W. (2d) 398, citing 2 Lewis' Sutherland, Statutory Construction, sec. 636.

Accepting these principles as a guide, we hold that by the terms of Art. IIA, Sec. 9 (13), it is the mandatory duty of the state road commissioner to keep a record of his proceedings where the same concern the public interest or the rights of individuals. We are not called upon to determine just what acts or proceedings of the commissioner may be classed as requiring a record thereof to be made, but we are firm in the belief that where an act on his part will result in the allocation and expenditure of state funds, public interest is vitally concerned. Then, too, public interest is undoubtedly concerned in an act of a public official which results in shifting the duty of keeping a city street in repair to an agency of the state, against which agency an action cannot be maintained in the event of injury resulting from the failure to perform such duty.

Acts of such importance can be shown only by official records. In *State* v. *State Highway Commission*, 328 Mo. 859, 42 S. W. (2d) 193, where a similar question arose affecting the right of a subdivision of the state to a refund for roads taken over by the state, it was held that since the statute (sec. 8097, R. S. Mo., 1929) required the commission to keep records of its proceedings, as a general rule, its acts could be shown only by the official records. To the same effect: *People* v. *Morris*, 365 Ill. 470, 6 N. E. (2d) 864; *Ryan* v. *Burk*, 25 Cal. App. (2d) 342, 77 P. (2d) 224; *Scullin* v. *Cities Service Co.*, 304 Mass. 75, 22 N. E. (2d) 666.

There remains the question raised upon this certification referred to earlier in this opinion. Consistent with the principles heretofore expressed, we need go no further than to say that an order duly entered by the state road commissioner is essential to the proper designation of a city street as the connecting part of the primary road system through a municipality under the provisions of Art. IV, Sec. 26, and further that the description of the part so designated should be certain and definite. It is our opinion that the placing of route signs or markers, the assumption of maintenance duties and user by the travelling public are incidents of the designation, which necessarily follow the entry of the commissioner's order. The acts cited by the City of Clarksburg as indicating a designation on the part of the commissioner are, of themselves, and without the order mentioned, devoid of the certainty which should characterize all acts of public officials when such acts are of vital importance to the public interest such as that of the designation here involved. If the marking by route or other sign and user by the public were the sole means of designation, it is needless to dwell upon the confusion which may attend the user of several streets by the public or the improper placing of a route marker or other sign as the result of mistake on the part of employees charged with the duty of actually installing the same, or the unauthorized removal or destruction of a marker or other sign by another person.

We are, therefore, of the opinion that the Circuit Court of Harrison County did not err in overruling the demurrer to the replication filed herein. The ruling of the lower court is affirmed.

*Affirmed.*