451 S.E.2d 432

**STATE of West Virginia ex rel. Richard KEENE, Petitioner**

v.

**Steven J. JORDAN, Individually and as Municipal Judge of the City of Kenova; the City of Kenova, a West Virginia Municipal Corporation; Larry E. Smith, Individually and as Mayor of the City of Kenova; Ronald J. Dickerson, Individually and as Chief of Police of the City of Kenova; and George Morrone, III, Individually and as City Attorney of the City of Kenova, Respondents.**

**STATE of West Virginia ex rel. Terry R. SPRY, Petitioner**

v.

**Steven J. JORDAN, Individually and as Municipal Judge of the City of Kenova; the City of Kenova, a West Virginia Municipal Corporation; Larry E. Smith, Individually and as Mayor of the City of Kenova; Ronald J. Dickerson, Individually and as Chief of Police of the City of Kenova; and George Morrone, III, Individually and as City Attorney of the City of Kenova, Respondents.**

Nos. 22338, 22339.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 13, 1994.

Decided Nov. 21, 1994.

Fred Adkins and Fred B. Westfall, Jr., Huddleston, Bolen, Beatty, Porter & Copen, Huntington, for petitioner, Richard Keene.

Robert M. Losey, Huntington, for petitioner, Terry R. Spry.

Amy M. Herrenkohl, Kenova, for respondents.

McHUGH, Justice:

The petitioners, Richard Keene, who is employed as a trainmaster by the Norfolk and Western Railway Company, and Terry Spry, who is employed by the Division of Highways of the Department of Transportation of the State of West Virginia, seek a writ of prohibition in order to prohibit the respondents from pursuing criminal prosecution in municipal court. The respondents are Steven G. Jordan, the Municipal Judge of the City of Kenova; Larry E. Smith, the Mayor of the City of Kenova; Ronald J. Dickerson, the Chief of Police of the City of Kenova; and George Morrone, III, the City Attorney of the City of Kenova.

The petitioners were involved in closing a railroad crossing on Oak Street in the City of Kenova when a police officer arrested the petitioners, stating that the closing of the railroad crossing violated certain municipal ordinances. The petitioners are requesting that this Court prohibit the criminal prosecutions, expunge their criminal record, and award attorney fees. For the reasons stated below, this Court grants the writ of prohibition.

I

This action involves a public road known as Oak Street. On July 29, 1989, the City of Kenova passed a resolution which requested that the West Virginia Department of Highways (hereinafter "Department of Highways") add Oak Street to the state's local service system. The City of Kenova agreed to give the Department of Highways ownership of Oak Street. By an order dated October 16, 1989, the State Commissioner of Highways added Oak Street to the state local service system.

In a June 13, 1994 letter to petitioner Terry Spry, Norfolk Southern Corporation, the parent company of Norfolk and Western Railway Company, formally requested permission from the Department of Highways to close the railroad crossing at Oak Street. Mr. Spry signed his approval at the bottom of the June 13, 1994 letter, thereby agreeing that the crossing was within the authority and control of the West Virginia Department of Transportation and its Division of Highways.

Allegedly this request was made for safety reasons and to eliminate a redundant railroad crossing. The petitioners point out that there are at least two other railroad crossings in the same vicinity. The petitioners confirm that the City of Kenova was never contacted for permission to close the crossing. Additionally, the respondents state that to date no order has been entered by the State Commissioner of Highways authorizing the closing of the Oak Street railroad crossing.

On June 16, 1994, the Norfolk and Western Railway Company removed the railroad crossing and installed a pedestrian crossing. Barricades were erected in front of the closed crossing on Oak Street. The petitioners were both present when the work occurred. A police officer arrested the petitioners for violating two provisions of the Codified Ordinances of the City of Kenova (section 311.01(d): depositing upon a street or highway a substance, material or article which injures or damages, or is likely to injure or damage the street or highway; and section 533.07(a): unlawfully placing upon public property a substance or material which is or may become offensive, injurious or dangerous to the public comfort or safety). The petitioners request that this Court prohibit the City from prosecuting them under the above ordinances.

II

Although the parties discuss more than one issue in their briefs, the primary question to be resolved in this case is whether a city official may seek to impose criminal sanctions under municipal ordinances against

a state employee and an employee of a railroad company working under the authority and control of a state employer for actions taken by the employees pursuant to state authority. Specifically, may criminal charges under municipal ordinances relating to placing dangerous objects in the street be brought against a state employee and an employee of a railroad company for closing a railroad crossing which lies in the city limits, but which is under the authority and control of the state local service system? For reasons stated below, we conclude that such charges may not be brought.

 The respondents argue that the Oak Street railroad crossing was not under the authority and control of the Department of Highways. However, we find this argument to be without merit. As noted above, on July 29, 1989, the City of Kenova passed a resolution which requested the Department of Highways to add an area including the Oak Street railroad crossing to the state's local service system. The State Commissioner of Highways responded by entering an order dated October 16, 1989, which made the area at issue, in the case before us, part of the state's local service system. Therefore, the record before us clearly reveals that the railroad crossing at issue was under the authority and control of the Department of Highways.

*W.Va.Code,* 17–4–1 [1972] states, in relevant part, "[t]he authority and control over the state roads shall be vested in the commissioner of highways." Additionally, this Court has stated

it appears that it was the policy of the Legislature in the enactment of the aforesaid statutes [Chapter 17 of the *W.Va. Code* ] to provide a comprehensive and all-embracing system of statutory law, establishing a general state road system ... and providing for and investing in the commission and the commissioner the exclusive power over the construction, maintenance and control of said system[.]

*Thacker v. Ashland Oil & Refining Co.,* 129 W.Va. 520, 528, 41 S.E.2d 111, 115–16 (1946). The above statutory provision and the *Thacker* case make it clear that the State Commissioner of Highways has the exclusive authority over the construction and maintenance decisions regarding state roads.[1] Therefore, since the Oak Street railroad crossing is under the authority and control of the State Commissioner of Highways, then the State Commissioner of Highways is exclusively responsible for the construction, maintenance and control of the Oak Street railroad crossing.

The record indicates that the decision to close the railroad crossing was a maintenance decision made by the State Commissioner of Highways via Terry Spry, an employee of the Division of Highways. The City of Kenova relinquished its rights to determine how to maintain the Oak Street railroad crossing or whether to retain that crossing when it gave that area to the State Commissioner of Highways.

 Officials in the City of Kenova are using criminal charges in an attempt to stop the Department of Highways from exercising its legitimate authority. The respondents complain that the petitioners did not follow certain procedures for closing a street or railroad crossing.[2] However, it is inconceivable that the petitioners should be criminally punished under municipal ordinances for not

1. Additionally, *W.Va.Code,* 17–2A–8(1) [1973], which outlines the duties and powers of the commissioner of highways states, in relevant part, that the commissioner may "[e]xercise general supervision over the state road program and the construction, reconstruction, repair and maintenance of state roads and highways[.]"

2. Specifically, the respondents complain that the petitioners did not obtain an order from the State Commissioner of Highways authorizing the closure of the Oak Street railroad crossing. There is some confusion as to whether the acts of the Department of Highways in closing the Oak Street railroad crossing are controlled by *W.Va.*

*Code,* 17–2A–8(12) [1973], which concerns the closing of a highway, or by *W.Va.Code,* 17–4–10 [1963], which concerns the closing of a railroad crossing. However, under either procedure outlined by the two statutory provisions above, the State Commissioner of Highways is to enter a formal order to authorize the closure of a highway or a railroad crossing. *See* 11 *Code of State Rules,* § 157–1–7.5 (1992) and *W.Va.Code,* 17–4–10 [1963]. The respondents state to date no order has been entered by the State Commissioner of Highways authorizing the closing of the Oak Street railroad crossing. Instead, petitioner Spry merely noted his approval on the request from Norfolk Southern Corporation.

following those procedures in this matter. To hold otherwise would lead to the absurd result of empowering cities to control the Department of Highways maintenance and construction decisions regarding state roads.

Accordingly, we hold that pursuant to *W.Va.Code*, 17–4–1 [1972] the State Commissioner of Highways has exclusive authority and control over state roads. Therefore, a city official may not interfere with the legitimate authority of the State Department of Highways by criminally prosecuting, under a municipal ordinance, a state employee and an employee of a railroad company for closing a railroad crossing which was under the authority and control of the State Department of Highways.

### III

Lastly, we address whether a writ of prohibition is the proper remedy. *W.Va. Code*, 53–1–1 [1923] states: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has no jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." [3] Therefore, a writ of prohibition is the proper remedy in order to prohibit the criminal prosecution of the petitioners in municipal court, since the City of Kenova has no authority to criminally prosecute the actions of the petitioners.

Accordingly, this Court grants the writ of prohibition in order to prohibit the City of Kenova from criminally prosecuting the petitioners under the City of Kenova's municipal ordinances.

Writ granted.

McHUGH, J., delivered the opinion of the court.

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

---

**3.** The petitioners also request that this Court order the lower court to expunge their criminal records and award attorney fees. However, since these issues were not adequately addressed in the petitioners' briefs, we decline to address these issues in this writ of prohibition. *See* syl. pt. 3, *Higginbotham v. City of Charleston*, 157 W.Va. 724, 204 S.E.2d 1 (1974), *overruled on other grounds*, *O'Neil v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977).