IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2016 Term**

No. 15-0127

**FILED**

**April 7, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THE CITY OF MORGANTOWN, WEST VIRGINIA,**
**A WEST VIRGINIA MUNICIPAL CORPORATION,**
**Defendant Below, Petitioner**

**V.**

**NUZUM TRUCKING COMPANY,**
**A WEST VIRGINIA CORPORATION, AND**
**PRESTON CONTRACTORS, INC.,**
**A WEST VIRGINIA CORPORATION,**
**Plaintiffs Below, Respondents**

**AND**

**GREER INDUSTRIES, INC.,**
**A WEST VIRGINIA CORPORATION,**
**Intervenor Plaintiff Below, Respondent**

**AND**

**THE WEST VIRGINIA DEPARTMENT OF TRANSPORTATION,**
**DIVISION OF HIGHWAYS,**
**A WEST VIRGINIA EXECUTIVE AGENCY,**
**Indispensable Party/Defendant Below, Respondent**

**Appeal from the Circuit Court of Kanawha County**
**Honorable Joanna I. Tabit, Judge**
**Civil Action No. 14-C-1877**
**AFFIRMED**

Submitted: March 1, 2016
Filed:  April 7, 2016

Robert M. Bastress, Jr.
Morgantown, West Virginia
Attorney for the Petitioner

Michael J. Folio
Jonathan T. Storage
Francis M. Curnutte, III
West Virginia Division of
Highways, Legal Division
Charleston, West Virginia
Attorneys for the Respondent,
West Virginia Department of
Transportation, Division of
Highways

Paul R. Cranston
James B. Shockley
Cranston & Edwards, PLLC
Morgantown, West Virginia
Attorneys for the Respondents,
Nuzum Trucking Co. and
Preston Contractors, Inc.

Frank E. Simmerman, Jr.
Chad L. Taylor
Frank E. Simmerman, III
Simmerman Law Office, PLLC
Clarksburg, West Virginia
Attorneys for the Respondent,
Greer Industries, Inc.

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      The authority to regulate traffic on connecting parts of the state road system, granted to municipalities in W. Va. Code § 17-4-27 (1967) (Repl. Vol. 2013), does not include the power to regulate the weight or size of trucks traveling thereon.

2.      W. Va. Code § 17C-17-12 (1951) (Repl. Vol. 2013) grants local authorities the power to prohibit the operation of trucks or to impose limitations on the size or weight thereof only "*with respect to highways under their jurisdiction*." A connecting part of the state road system is not under the jurisdiction of a local authority for purposes of regulating anything other than traffic. Therefore, W. Va. Code § 17C-17-12 does not authorize a municipality to prohibit the operation of trucks or to impose limitations on the size or weight thereof on a connecting part of the state road system.

i

**Davis, Justice:**

This appeal involves an attempt by the City of Morgantown, West Virginia ("Morgantown"), to regulate, by municipal ordinance, the weight and size of certain vehicles using a portion of West Virginia State Route 7 that passes through Morgantown. The instant proceeding was initiated in the Circuit Court of Kanawha County to challenge Morgantown's ordinance. Morgantown herein appeals an order issued by the circuit court that granted the plaintiffs' motion for summary judgment on the issue of state preemption, which had been filed by respondents herein, Nuzum Trucking Company ("Nuzum") and Preston Contractors, Inc. ("Preston"), who were joined by intervenor below, Greer Industries, Inc. ("Greer") (collectively "Trucking Plaintiffs"). In addition to granting the Trucking Plaintiffs' motion for summary judgment, the circuit court contemporaneously denied Morgantown's cross-motion for summary judgment. Because we find no error in the circuit court's rulings, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. West Virginia State Route 7 ("WV Route 7") is a primary state road; it was expressly designated as such by order of the State Road

Commission of West Virginia dated June 12, 1945.[1]  A portion of WV Route 7 runs through Morgantown's B-4 Business District.  For many years, Trucking Plaintiffs have utilized WV Route 7 to transport their products into the broader system of intrastate and interstate commerce.  In 2013, a group of individuals designated themselves as "Safe Streets Morgantown" and endeavored to prevent certain heavy truck traffic from using WV Route 7 through Morgantown's B-4 Business District.  To achieve this goal, Safe Streets Morgantown advocated that the Morgantown City Council enact an ordinance to prohibit certain vehicles exceeding an established weight and size from using the portion of WV Route 7 that passes through Morgantown ("WV Route 7 Heavy Truck Ordinance").

On July 25, 2014, Morgantown's City Manager met with representatives of the Respondent herein, the West Virginia Department of Transportation, Division of Highways ("the DOH"),[2] to discuss Morgantown's desire to pass its WV Route 7 Heavy Truck Ordinance.  Following this meeting, by letter dated July 29, 2014, the DOH's legal division director, Mr. Anthony G. Halkias, advised Morgantown that

---

[1]The former State Road Commission is now designated as the West Virginia Division of Highways.  *See* W. Va. Code § 17-1-2 (1995) (Repl. Vol. 2013); W. Va. Code § 17-2A-1 (2002) (Repl. Vol. 2013).  The duties and responsibilities formerly imposed upon the Road Commissioner are now exercised by the Commissioner of Highways.  *See* W. Va. Code § 17-2A-1.  For the language of W. Va. Code § 17-2A-1, see note 4 *infra*.

[2]Morgantown's City Manager met with Paul A. Mattox, Jr., the Secretary of Transportation/Commissioner of Highways for the State of West Virginia, and Jonathan T. Storage, from the DOH's Legal Division.

2

West Virginia Code Sections 17-4-27 and 17C-17-12 do not allow for local management of roads within the state road system. The Legislature has granted the Commissioner of Highways plenary power to manage and control the use of public highways comprising the state road system. Therefore, without the permission of the Commissioner, any such municipal regulation would be invalid.

Notwithstanding the DOH's stated position, Morgantown's City Council nevertheless presented for a first reading on August 19, 2014, the WV Route 7 Heavy Truck Ordinance amending Article 347 of Morgantown's Traffic Code. The WV Route 7 Heavy

Truck Ordinance was thereafter adopted on September 2, 2014.[3]  It was to take effect ninety

_____

[3]Actually, two ordinances were read on August 19, 2014, and adopted on September 2, 2014.  One ordinance amended Article 301 of Morgantown's Traffic Code by adding new Sections 301.071 and 301.111, which state:

> 301.071: Downtown Business District
>
> "Downtown Business District" means the entirety of the B-4 General Business District as defined in the City of Morgantown's Planning and Zoning Code, but does not include Beechurst Avenue, University Avenue south of Beechurst Avenue, and Don Knotts Boulevard south of University Avenue.
>
> 301.111: Heavy Truck
>
> "Heavy Truck" means any vehicle which is designed or operated for the transportation of property and 1) has combined declared gross weight of over 26,000 pounds as combined declared gross weight is defined in W. Va. Code § 17A-3-3(c), and 2) commercial motor vehicles registered as class 7 or greater rating.

The second ordinance, the WV Route 7 Heavy Truck Ordinance, amended Article 347 of Morgantown's Traffic Code by modifying certain sections and adding two new sections: 347.01(d) and 347.01(e).  The new sections state:

> 347.01(d)  HEAVY  TRUCK  LIMITATION  IN DOWNTOWN BUSINESS DISTRICT.
>
> No person shall operate a Heavy Truck in the Downtown Business District, as defined in Article 301 of the City's Traffic Code.
> This provision does not limit or restrict:
> (1)    The operation of any Heavy Trucks in the Downtown Business District when that operation is necessary to conduct business at a destination within the Downtown Business District where merchandise or material is loaded or unloaded during the

(continued...)

4

days from the date it was adopted by Morgantown's City Council.

On October 17, 2014, Nuzum and Preston filed a multi-count verified complaint in the circuit court of Kanawha County challenging Morgantown's WV Route 7 Heavy Truck Ordinance. The complaint named Morgantown as a defendant and also named the DOH as an indispensable party/defendant. Relevant to this appeal, Count I of the complaint asserted, in essence, that the WV Route 7 Heavy Truck Ordinance is preempted by state law. In addition, Count I sought expedited declaratory relief finding the ordinance

[3](...continued)
normal course of business;

(2)    The operation of emergency or military vehicles;

(3)    The operation of vehicles by Public Utilities;

(4)    The operation of any governmental or quasi-governmental vehicle in the performance of any official function or duty;

(5)    The operation of solid waste disposal vehicles;

(6)    The operation of vehicles lawfully engaged in the business of towing, hauling or carrying wrecked or disabled vehicles;

(7)    The operation of trucks upon any officially established detour in any case where a truck could lawfully be operated on the street for which such detour was established;

(8)    The issuance of a special permit by the City Manager as provided in subsection (c).

347.01(e)    TRUCK SIGNAGE.

Signs shall be posted indicating "no thru trucks - limit 13 tons" or words of similar import to apprise drivers of the limitations imposed by subsection (d) hereof.

void, and a permanent injunction prohibiting Morgantown from enforcing its WV Route 7 Heavy Truck Ordinance. Nuzum and Preston then filed a motion for expedited summary judgment as to Count I. Morgantown responded with a cross-motion for summary judgment and a memorandum in opposition to Nuzum's and Preston's summary judgment motion. During this time, Greer filed a motion to intervene and became a party to the action. Greer and the DOH both joined Nuzum's and Preston's motion for summary judgment.

The parties all agreed that issues raised in the summary judgment motions were purely legal and, therefore, were ripe for resolution by summary judgment. Following oral arguments from the parties pertaining to the summary judgment motions then pending, by order entered January 12, 2015, the circuit court granted the Trucking Plaintiffs' motion for summary judgment, in which the DOH had joined, and denied Morgantown's motion. By order entered January 29, 2015, the circuit court denied Morgantown's "Motion for Reconsideration." This appeal followed.

## II.

### STANDARD OF REVIEW

The case *sub judice* is before this Court on appeal from an order granting summary judgment on the issue of state preemption of a municipal ordinance. Accordingly, we exercise plenary review: "A circuit court's entry of summary judgment is reviewed *de*

6

*novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In carrying out our plenary review, we are mindful that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). Our decision in this case additionally necessitates an examination of various statutory provisions and resolution of questions of law. We exercise plenary review in these contexts as well. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). Conscious of the foregoing standards, we proceed with our consideration of this appeal.

# III.

## DISCUSSION

Urging this Court to overturn the circuit court's grant of summary judgment, Morgantown raises three assignments of error. These assignments of error are related to: the circuit court's interpretation of W. Va. Code §§ 17-4-27 (1967) (Repl. Vol. 2013) and 17C-17-12 (1951) (Repl. Vol. 2013), the proper scope of municipal power, and whether Morgantown's WV Route 7 Heavy Truck Ordinance would cause undue disruption of the

7

state road system. Because this case is resolved by the first issue, we do not reach the remaining two issues.

Morgantown argues that the circuit court erred by failing to recognize that W. Va. Code §§ 17-4-27 and 17C-17-12 expressly authorize the city to regulate the weight of trucks on state routes within the city. The Trucking Plaintiffs, joined by the DOH, respond by asserting that the DOH has exclusive authority and control over West Virginia state roads, which authority preempts Morgantown's ability to regulate WV Route 7. We will separately address the provisions of W. Va. Code §§ 17-4-27 and 17C-17-12.

### A. W. Va. Code § 17-4-27

Because our analysis requires us to determine the precise meaning of W. Va. Code § 17-4-27 so it may be accurately applied to the facts herein presented, we must endeavor to ascertain the intent of the Legislature. *See* Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."). In carrying out our inquiry, we are cognizant that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

Nevertheless, "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

At the outset, we recognize that the comprehensive authority of the State Commissioner of Highways ("Commissioner") to regulate the state road system is set out in W. Va. Code § 17-4-1 (1972) (Repl. Vol. 2013), which expressly provides that "[t]he authority and control over the state roads shall be vested in the Commissioner of Highways." *See also* W. Va. Const. amend. The Good Roads Amendment of 1920 ("The legislature shall make provision by law for a system of state roads and highways connecting at least the various county seats of the State, and to be under the control and supervision of such state officers and agencies as may be prescribed by law."); Syl., in part, *State ex rel. Keene v. Jordan*, 192 W. Va. 131, 451 S.E.2d 432 (1994) (recognizing that, "[p]ursuant to W. Va. Code, 17-4-1 [1972] the State Commissioner of Highways has exclusive authority and control over state roads"); *Herold v. Hughes*, 141 W. Va. 182, 187, 90 S.E.2d 451, 454 (1955) ("The public highways of this State belong to the State and are subject to the control of the State."); Syl. pt. 5, *Nulter v. State Rd. Comm'n of W. Virginia*, 119 W. Va. 312, 193 S.E. 549 (1937) ("A state highway is the property of the state, and use of the highway is subject to the control of the state.").

9

Relevant to the case *sub judice*, the Legislature has made an exception to the Commissioner's exercise of control over state roads, granting limited authority over connecting parts of the state road system to municipalities. In this regard, pursuant to W. Va. Code § 17-4-27, "[t]he [Commissioner of Highways][4] *shall* exercise the same control over *connecting parts of the state road system* in municipalities, *except the regulation of traffic*, that he exercises over such system generally[.]" (Emphasis and footnote added).[5] Thus, in

---

[4]The language of W. Va. Code § 17-4-27 actually states that the "Road Commissioner shall exercise" the control described therein. However, pursuant to W. Va. Code § 17-2A-1, the duties and responsibilities previously held by the state Road Commissioner have been transferred to the West Virginia Commissioner of Highways:

> The office of state Road Commissioner heretofore existing is hereby continued in all respects as heretofore constituted, but is hereby designated as the West Virginia Division of Highways. *All duties and responsibilities heretofore imposed upon the state Road Commissioner and the powers exercised by him are hereby transferred to the West Virginia Division of Highways and* such duties and responsibilities shall be performed by said division and the powers *may be exercised thereby through the West Virginia Commissioner of Highways* who shall be the chief executive officer of the division. . . .

(Emphasis added).

[5]The full text of W. Va. Code § 17-4-27 (1967) (Repl. Vol. 2013), states:

> The [Commissioner of Highways] shall exercise the same control over connecting parts of the state road system in municipalities, except the regulation of traffic, that he exercises over such system generally, but he shall assume no greater duty or obligation in the construction, reconstruction and maintenance of streets which are part of the state road system than he is required to assume in the case of state roads outside

(continued...)

10

order for the municipality of Morgantown to enforce its WV Route 7 Heavy Truck Ordinance without violating W. Va. Code § 17-4-27, two conditions must exist. First, the portion of WV Route 7 affected by the ordinance must be a connecting part of the state road system. Second, the regulation of vehicle weight must be included within the intended meaning of "the regulation of traffic."

The phrase "connecting parts of the state road system" is not statutorily defined; neither is it defined in the Code of State Regulations. However, the authority of the Commissioner to designate connecting parts of the state road system is set out in W. Va. Code § 17-4-26 (1963) (Repl. Vol. 2013), which is titled "Municipal streets and bridges and free bridges designated as connecting part of state road system – Authorized." This statute provides, in relevant part, that

> [t]he [Commissioner of Highways] may, at any time, after due consultation with and notice to the governing body of the municipal corporation, *locate and designate* or relocate and redesignate, *as a connecting part of the state road system*, *any* bridge or *street within a municipal corporation.* The commissioner may construct, reconstruct, improve and maintain

---

[5](...continued)
of municipalities. In order, however, to promote the safe and efficient utilization of such streets, the location, form and character of informational, regulatory and warning signs, curb and pavement or other markings, and traffic signals installed or placed by any municipality on any highway or street hereafter constructed with state or federal aid shall be subject to the approval of the [Commissioner of Highways].

11

the designated or redesignated connecting part at the cost and expense of the State.

W. Va. Code § 17-4-26 (emphasis added). The plain language of the foregoing statute authorizes the Commissioner, when certain prerequisites are met, to designate, "as a connecting part of the state road system, . . . any street within a municipal corporation." *Id.* Clearly, this provision authorizes the Commissioner to designate streets within a municipal corporation *only* as connecting parts of the state road system. Neither the DOH nor any other party has directed this Court's attention to any statute granting the Commissioner the authority to designate a municipal street as anything other than a "connecting part[]" of the state road system. W. Va. Code § 17-4-26.

Prior decisions of this Court support the foregoing conclusion. In *Smith v. City of Bluefield*, 132 W. Va. 38, 55 S.E.2d 392 (1948), this Court addressed whether a municipality or the State Road Commissioner was responsible for maintaining the sidewalk along Federal Street in Bluefield, West Virginia. Before finding that the sidewalk remained the obligation of the City, the Court observed that "the Road Commissioner designated Federal Street *as part of the primary road system of the State*" under "Chapter 40, Article IV, Section 26, Acts West Virginia Legislature, 1st Ex. Sess., 1933." *Smith*, 132 W. Va. at 40, 55 S.E.2d at 393. Notably, the statute cited by the Court as providing the Road Commissioner's authority to designate Federal Street *as a part of the state primary road system* was the statute authorizing the Road Commissioner to designate any municipal street

12

as "a connecting part of a primary road[.]" *See* Chapter 40, Article IV, Section 26, Acts West Virginia Legislature, 1st Ex. Sess., 1933 (stating, in relevant part, that "[t]he state road commissioner shall *designate . . . as a connecting part of a primary road*, any . . . street within a municipal corporation" (emphasis added)). *See also Appalachian Elec. Power Co. v. State Road Comm'n*, 117 W. Va. 200, 201, 185 S.E. 223, 224 (1936) (observing that bridge designated by state road commissioner as West Virginia Route No. 13 "is a connecting part of a primary road").

The record in this case contains an abstract dated July 12, 1945, that was issued by the State Road Commission of West Virginia. The parties agree that the abstract demonstrates that the portion of WV Route 7 passing through Morgantown's B-4 business district has been designated as a primary route. Because the Commissioner's designation of a municipal street as part of the state road system necessarily identifies the municipal street as a connecting part of the state road system, we must conclude that the portion of WV Route 7 that is within the municipality of Morgantown is a connecting part of the state road system.[6]

Our determination that the herein disputed portion of road is a connecting part of the state road system does not resolve the question of whether Morgantown's WV Route 7 Heavy Truck Ordinance may be enforced. As we noted above, "[t]he [Commissioner of

_____

[6]In *West v. City of Clarksburg*, 123 W. Va. 22, 13 S.E.2d 155, 155 (1941), this Court held that "[t]he designation of a street, within a municipal corporation as a connecting part of a primary road, Acts 1933, Ex. Sess., Ch. 40, Art. IV, Sec. 26, must be made by an order entered by the state road commissioner, so that the street can be located with certainty."

Highways] shall *exercise the same control* over connecting parts of the state road system in municipalities, *except the regulation of traffic*, that he exercises over such system generally[.]" W. Va. Code § 17-4-27. We must now address the one exception to the Commissioner's general control over connecting parts of the state road system, which is the regulation of traffic. Morgantown contends that regulating the weight and size of trucks utilizing a road is incorporated within the meaning of "the regulation of traffic." We disagree.

The regulation of traffic is a term that also is not defined in the code provisions pertaining to the state road system. However, the DOH has promulgated a legislative rule specifically addressing traffic regulation by local authorities:

> Procedure for Establishment of Local Traffic Regulations. Whenever local authorities desire to alter a speed zone upon a state highway or extension of a state highway in a municipality, they shall set forth the reasons for the alteration, the speed limits to be observed, and the times the speed limits are effective, and a designation and description of the state highway or extension of the state highway in the municipality to which the speed limit or traffic regulation is to be applicable. The local authority shall send a written request to the Commissioner of Highways, and the speed zone or limit established by local authorities is not effective until approved by the Commissioner of Highways by order entered in his or her Order Book in the same manner as provided in Section 4, of this rule. Appropriate signs giving notice of the speed zone or limit so established shall be erected. Approved signs shall be erected, altered or removed only by Division forces.

W. Va. Code R. 157-5-5.1. Because W. Va. Code R. 157-5-5.1 is a legislative rule, it has the force and effect of law. "A regulation that is proposed by an agency and approved by the Legislature is a 'legislative rule' as defined by the State Administrative Procedures Act, W. Va. Code, 29A-1-2(d) [1982], and such a legislative rule has the force and effect of law." Syl. pt. 5, *Smith v. West Virginia Human Rights Comm'n*, 216 W. Va. 2, 602 S.E.2d 445 (2004). Notably, W. Va. Code R. 157-5-5.1, which expressly addresses the regulation of traffic by local authorities, grants no authority to a municipality to regulate the weight and/or size of vehicles traveling upon a state road. Because this rule does not authorize a municipality to regulate the weight or size of vehicles in connection with its authority to regulate traffic, we must conclude that the Legislature did not intend a municipality's authority to regulate traffic on connecting parts of the state road system to include regulating the weight and/or size of vehicles. Indeed, this Court has previously recognized that

> [a] municipal corporation has only the powers granted to it by the legislature, and any such power it possesses must be expressly granted or necessarily or fairly implied or essential and indispensable. If any reasonable doubt exists as to whether a municipal corporation has a power, the power must be denied. Syllabus Point 2, *State ex rel. Charleston v. Hutchinson*, 154 W. Va. 585, 176 S.E.2d 691 (1970).

*City of Fairmont v. Investors Syndicate of Am., Inc.*, 172 W. Va. 431, 432, 307 S.E.2d 467, 468 (1983). *See also Martin v. Randolph Cty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) ("'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.'" (quoting *Connecticut Nat'l Bank v. Germain*, 503

15

U.S. 249, 252–54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992))); Syl. pt. 3, *Manchin v. Dunfee*, 174 W. Va. 532, 327 S.E.2d 710 (1984) ("In the interpretation of statutory provisions the familiar maxim *expressio unius est exclusio alterius*, the express mention of one thing implies the exclusion of another, applies."). Accordingly, we expressly hold that the authority to regulate traffic on connecting parts of the state road system, granted to municipalities in W. Va. Code § 17-4-27, does not include the power to regulate the weight or size of trucks traveling thereon. Applying this holding to the case *sub judice*, W. Va. Code § 17-4-27 does not provide authority for Morgantown to regulate the weight or size of trucks traveling on the portion of WV Route 7 that lies within Morgantown.

We find additional support for this conclusion in the fact that there is a statute that expressly addresses the power of local authorities to impose weight limitations on particular highways. *See* W. Va. Code § 17C-17-12. We next address this statute.

### B. W. Va. Code § 17C-17-12

Under the relevant portion of W. Va. Code § 17C-17-12,

> (c) Local authorities *with respect to highways under their jurisdiction* may also, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as to the weight thereof, on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways.

16

(d) *The state Road Commission [Commissioner of Highways] shall likewise have authority* as hereinabove granted to local authorities to determine by resolution and to impose restrictions as to the weight of vehicles operated *upon any highway under the jurisdiction of said commission* and such restrictions shall be effective when signs giving notice thereof are erected upon the highway or portion of any highway affected by such resolution.

(Emphasis added).[7]

<hr />

[7]W. Va. Code § 17C-17-12 (1951) (Repl. Vol. 2013) states in full:

(a) Local authorities with respect to highways under their jurisdiction may by ordinance or resolution prohibit the operation of vehicles upon any such highway or impose restrictions as to the weight of vehicles to be operated upon any such highway, for a total period of not to exceed ninety days in any one calendar year, whenever any said highway by reason of deterioration, rain, snow, or other climatic conditions will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or the permissible weights thereof reduced.

(b) The local authority enacting any such ordinance or resolution shall erect or cause to be erected and maintained signs designating the provisions of the ordinance or resolution at each end of that portion of any highway affected thereby, and the ordinance or resolution shall not be effective unless and until such signs are erected and maintained.

(c) Local authorities with respect to highways under their jurisdiction may also, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as to the weight thereof, on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways.

(d) The state Road Commission [Commissioner of Highways] shall likewise have authority as hereinabove granted

(continued...)

17

In very plain language, W. Va. Code § 17C-17-12 grants local authorities the power to prohibit the operation of trucks or to impose limitations on the weight thereof only "*with respect to highways under their jurisdiction.*" As we noted above, the only authority granted to a municipality over connecting parts of the state road system is the regulation of traffic, and that authority does not include regulating the size or weight of vehicles traveling thereon. Accordingly, we now hold that, W. Va. Code § 17C-17-12 grants local authorities the power to prohibit the operation of trucks or to impose limitations on the size or weight thereof only "*with respect to highways under their jurisdiction.*" A connecting part of the state road system is not under the jurisdiction of a local authority for purposes of regulating anything other than traffic. Therefore, W. Va. Code § 17C-17-12 does not authorize a municipality to prohibit the operation of trucks or to impose limitations on the size or weight thereof on a connecting part of the state road system. Likewise, W. Va. Code § 17C-17-12 plainly does not authorize Morgantown to regulate the size or weight of trucks traveling on the portion of WV Route 7 that lies within the city.

---

[7](...continued)
to local authorities to determine by resolution and to impose restrictions as to the weight of vehicles operated upon any highway under the jurisdiction of said commission and such restrictions shall be effective when signs giving notice thereof are erected upon the highway or portion of any highway affected by such resolution.

It is axiomatic that "'[w]hen a provision of a municipal ordinance is inconsistent or in conflict with a statute enacted by the Legislature the statute prevails and the municipal ordinance is of no force and effect.' Syllabus Point 1, *Vector Co. v. Board of Zoning Appeals*, 155 W. Va. 362, 184 S.E.2d 301 (1971)." Syl. pt. 1, *Davidson v. Shoney's Big Boy Rest.*, 181 W. Va. 65, 380 S.E.2d 232 (1989). Because Morgantown's WV 7 Heavy Truck Ordinance encroaches upon the Commissioner's statutory authority to regulate the state road system, the ordinance is unenforceable.

## IV.

## CONCLUSION

For the reasons set out above, the circuit court was correct in granting the Trucking Plaintiff's motion for summary judgment and denying Morgantown's cross-motion for summary judgment. Accordingly, the January 12, 2015, order of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.